**Carl MINTZ and Shirley Mintz,
Plaintiffs,**

**v.**

**Leon B. ALLEN, William E. Beaver, Edmund T. Delaney, Kenneth S. Landauer, Ellis D. Slater, Leon B. Allen, Charles W. Gillen, Charles A. Wright and William E. Beaver, individually and as Copartners, doing business as Gillen & Company and Leon B. Allen Fund, Inc., Defendants.**

**No. 65–Civ. 3814.**

United States District Court
S. D. New York.

May 6, 1968.

See also D.C., 254 F.Supp. 1012.

Abraham I. Markowitz, New York City, for plaintiffs.

Townsend & Lewis, New York City, for defendants; by Edmund T. Delaney, New York City, of counsel.

## MEMORANDUM

CROAKE, District Judge.

The defendants object to the note of issue. The objection is based on the fact that a demand is made for a jury trial. The defendants argue that in the original complaint and a subsequent amendment no demand for a trial by jury was noted and that in the present

complaint no new issues are formulated, and therefore the right to jury trial has been waived. The plaintiffs, in support of the note of issue, state that the amended and supplemental complaint alleges two new issues and that they are entitled to a trial by jury on both of these issues.

Examination of the original complaint and a subsequent amendment disclose two counts, both of them based on the Investment Company Act of 1940, 15 U.S.C. § 80a–1 et seq. (1964) (The 1940 Act). These counts charge that the defendants entered into an agreement with Gillen & Company, an investment brokerage house, with which they are co-partners. It is alleged that this agreement allowed Gillen & Co. to collect substantial brokerage commissions at the expense of the Leon B. Allen Fund (THE FUND). The acts of the defendants in entering into such an agreement are denominated as an abuse of trust and a conversion of the monies of THE FUND.

The amended and supplemental complaint, filed with this court on February 9, 1968, contains four counts. Counts 1 and 2 contain essentially the same matter as previously alleged. Count 3 charges that the defendants have used the mails, the means and instruments of transportation and communication in interstate commerce, and the means and instrumentalities in interstate commerce in the offer and/or sale of securities. In doing so it is claimed that material misrepresentations of fact and omissions of material facts have been made and are being made in the conduct of THE FUND's business in violation of 15 U.S.C. § 77q(a) (1964), § 17(a) of the Securities Act of 1933 (the 1933 Act), and 15 U.S.C. § 78j(b) (1964), § 10(b) of

the Securities and Exchange Act of 1934 (the 1934 Act), and Rule 10(b)–5 thereunder. Count 4 of the present complaint charges that the defendants failed to disclose certain information in management proxy statements filed with the Securities & Exchange Commission in violation of 15 U.S.C. § 78n(a) (1964), § 14(a) of the 1934 Act and Rule 14a–9 thereunder.

We believe that Counts 3 and 4 of the amended and supplemental complaint allege new issues in this case and therefore the plaintiffs are entitled to a jury trial with regard to them. However, with regard to Counts 1 and 2, we believe that the right to trial by jury has been waived. See Moore v. United States, 196 F.2d 906 (5 Cir. 1952); Munkacsy v. Warner Bros. Pictures, 2 F.R.D. 380 (E.D.N.Y.1942); Mealy v. Fidelity Nat. Bank in New York, 2 F.R.D. 339 (E.D.N.Y.1942). Any relief from this waiver under Rule 39(b) Fed. R.Civ.P. should best be left to the trial judge. Accordingly, the plaintiffs' application for Rule 39(b) relief with regard to Counts 1 and 2 is denied at this juncture without prejudice to renewal when the case is assigned for trial.

With respect to allowing a jury trial on Counts 3 and 4 we recognize the difficulty in determining which are actually separate and distinct issues with respect to Rule 38. As this particular question was precipitated by an objection to the filing of a note of issue, all doubt on the question was resolved in favor of a jury trial. However, the present determination need not be final and is made without prejudice to a re-examination by the trial judge when the case is assigned for trial.

So ordered.