Henry W. MURPHY

v.

**AMERICAN MOTORS SALES
CORPORATION.**

No. C76–136A.

United States District Court,
N. D. Georgia,
Atlanta Division.

April 7, 1976.

**1404**

Vincent W. Roses, Jr., Mykel & Roses, Raymond H. Stein, Atlanta, Ga., for plaintiff.

Charles M. Shaffer, Jr., King & Spalding, Samuel W. Calhoun, Atlanta, Ga., for defendant.

## ORDER OF COURT

MOYE, District Judge.

This is an action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. (the Age Act). The action is brought by Henry H. Murphy against American Motors Sales Corporation for back pay, liquidated damages, punitive damages, and costs. Plaintiff further seeks to enjoin defendant from denying employment to individuals within the age group protected by the Age Act, and reinstatement to the position which plaintiff occupied prior to his discharge. The case is presently before the Court on defendant's motions to strike the prayer for punitive damages and to strike the demand for jury trial.

*Punitive Damages.*

The Age Act was enacted for the express purposes of promoting "employ-ment of older persons based on their ability rather than age," and prohibiting "arbitrary age discrimination." 29 U.S.C. § 621(b). The Age Act makes it unlawful for employers, employment agencies, and labor organizations to discriminate on the basis of age, 1967 U.S. Code Cong. & Admin.News, p. 2214; the protected group being those persons between the ages of 40 and 65. 29 U.S.C. § 631. The enforcement provisions of the Age Act state the following:

"(b) The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided,* That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion.

"(c) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provid-*

ed, That the right of any person to bring such action shall terminate upon the commencement of an action by the Secretary to enforce the right of such employee under this chapter." 29 U.S.C. § 626(b), (c).

■ The Age Act may profitably be compared with Title VII of the Civil Rights Act of 1964 in terms of its purpose and prohibitions, *Hodgson v. First Federal Savings & Loan Ass'n,* 455 F.2d 818, 820 (5th Cir. 1972), and thus "analogies to Title VII cases are often helpful in age discrimination cases." *Schulz v. Hickok Manufacturing Co., Inc.,* 358 F.Supp. 1208, 1212, n. 2 (N.D.Ga.1973), However, the two statutes are not entirely identical and the decisions under Title VII are not wholly dispositive of all issues raised in an action brought under the Age Act.

Defendant contends that punitive damages are not permitted under the Age Act because such damages are not allowed under Title VII. See *Jiron v. Sperry Rand Corp.,* 9 EPD § 9990 (D.Utah 1975); *Grohal v. Stauffer Chemical Co., Inc.,* 385 F.Supp. 1267 (N.D.Cal. 1974); *Loo v. Gerarge,* 374 F.Supp. 1338 (D.Haw.1974); *Howard v. Lockheed-Georgia Co.,* 372 F.Supp. 854 (N.D.Ga. 1974); *Van Hoomissen v. Xerox Corp.,* 368 F.Supp. 829 (N.D.Cal.1973); *Guthrie v. Colonial Bakery Co.,* 6 EPD ¶ 8849 (N.D.Ga.1972); but see *Humphrey v. Southwestern Portland Cement Co.,* 369 F.Supp. 832, 833–35 (W.D.Tex.1973), *rev'd on other grounds,* 488 F.2d 691 (5th Cir. 1974). The enforcement provision of Title VII, 42 U.S.C. § 2000e–5(g), provides in pertinent part as follows:

"[T]he Court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . or any other equitable relief as the court deems appropriate."

■ Title VII is distinguishable from the Age Act in this regard inas-much as relief under Title VII is limited to equitable remedies, whereas the Age Act provides for both equitable and legal relief. Punitive damages are generally considered a legal remedy and cannot be awarded in a suit in equity. See *Jiron v. Sperry Rand Corp., supra; Loo v. Gerarge, supra.* The majority of those authorities, cited *supra,* which have rejected the award of punitive damages in Title VII actions, have done so, in part, on the theory that relief under Title VII is limited to equitable relief.

■ The Age Act is clearly not so limited. See 29 U.S.C. § 626(a), (b). The legislative history of the Age Act provides that the statute gives aggrieved individuals power to bring civil actions for legal or equitable relief. 1967 U.S. Code Cong. & Admin.News, p. 2223. The precise language of the Age Act is entitled to greater weight in an action brought under the Age Act than are the decisions construing more restrictive language in Title VII. Punitive damages have always been recoverable at common law and where not expressly precluded by a statute which otherwise specifically provides for legal relief, may be recovered under such a statute in accordance with common law principles. Once a plaintiff has established unlawful discrimination under the Age Act he is entitled to the complete panoply of legal and equitable remedies which the Court deems appropriate. See *Rogers v. Exxon Research and Engineering Co.,* 404 F.Supp. 324 (D.N.J.1975) (compensatory damages for pain and suffering recoverable under the Age Act). Therefore punitive damages are a legal remedy properly recoverable under the Age Act.

■ The general rule to be followed regarding punitive damages is that they may be imposed if the defendant has willfully and intentionally violated the Age Act and acted in gross disregard for the rights of the plaintiff. See *Lee v. Southern Home Sites Corp.,* 429 F.2d 290, 294 (5th Cir. 1970). Inasmuch as such an award of damages is punitive and assessed as an example and warning to others, *Northwestern National Casual-*

*ty Co. v. McNulty,* 307 F.2d 423 (5th Cir. 1962), "they are not a favorite in law and are to be allowed only with caution and within narrow limits . . . The allowance of such damages inherently involves an evaluation of the nature of the conduct in question, the wisdom of some form of pecuniary punishment, and the advisability of a deterrent. Therefore, the infliction of such damages, and the amount thereof when inflicted, are of necessity within the discretion of the trier of the fact." *Lee v. Southern Home Site Corp., supra,* at 294.

*Right to Jury Trial.*

The Seventh Amendment preserves to litigants the right to jury trial in suits at common law—

"not merely suits, which the *common* law recognized among its old and settled proceedings, but suits in which *legal* rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered. . . . In a just sense, the amendment then may well be construed to embrace all suits, which are not of equity and admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights." *Parsons v. Bedford,* 3 Pet. 433, 447, 7 L.Ed. 732 (1830).

Whether the Amendment guarantees the right to a jury trial in an action under the Age Act is the issue presently before the Court.

Although some courts have permitted jury trials in an action under the Age Act, *Monroe v. Penn-Dixie Cement Corp.,* 335 F.Supp. 231 (N.D.Ga.1971); *Matthews v. Drew Chemical Corp.,* 475 F.2d 146, 147 n. 1 (5th Cir. 1973); *Chilton v. National Cash Register Co.,* 370 F.Supp. 660 (S.D.Ohio W.D.1974); *Rogers v. Exxon Research and Engineering Co.,* 404 F.Supp. 324 (D.N.J.1975), while other courts have not, *Hodgson v. Bow-*

*man,* 4 EPD ¶ 7601 (E.D.Tenn.1971); *Brennan v. International Harvester,* 7 EPD ¶ 7171 (N.D.Ill.1974), there is surprisingly little discussion regarding the right to jury issue in the cases.

■ Defendant contends that an action under the Age Act is equitable in nature when examined as a whole and, therefore, a jury trial is not allowed. Moreover, defendant insists that jury trials are not permitted in actions under Title VII, and, similarly, should not be allowed in an action under the Age Act. See *Slack v. Havens,* 522 F.2d 1091, 1094 (9th Cir. 1975), and cases cited therein (plaintiff not entitled to a jury trial in action under Title VII).

As discussed *supra,* the Age Act provides for both legal and equitable relief. It is well established that a jury trial is required if a statute creates legal rights and remedies enforceable in the ordinary courts of law. *Curtis v. Loether,* 415 U.S. 189, 194, 94 S.Ct. 1005, 1008, 39 L.Ed.2d 260, 266 (1974). In *Curtis v. Loether,* the Supreme Court held that the 1968 Civil Rights Act's Title VIII fair housing provisions did trigger the right to a jury trial. The Court relied heavily on the language found in section 812, 42 U.S.C. § 3612, allowing the recovery of punitive damages and contrasted this with Title VII's limitation to equitable relief. Holding that the right to a jury trial did attach to those issues triable at law, the Court stated:

"More important, the relief sought here—actual and punitive damages—is the traditional form of relief offered in the courts of law. . . . Whatever may be the merit of the 'equitable' characterization in Title VII cases, there is surely no basis for characterizing the award of compensatory and punitive damages here as equitable relief." (citations omitted)

415 U.S. at 196–97, 94 S.Ct. at 1009, 39 L.Ed.2d at 267.

■ The Court must determine the basic nature of *each* claim for relief. If *any* such claim is basically one at law, it

will be treated as such and fact issues underlying that claim must, with minor exceptions, be tried first to a jury if a jury is demanded. See *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); 5 Moore's *Federal Practice* ¶ 38.16[2], p. 162.4. Where legal claims are joined with equitable claims, the right to a jury trial on the legal claims, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal relief sought as being incidental to the equitable claim. *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Dairy Queen, Inc. v. Wood, supra; Curtis v. Loether, supra.*

■ The Age Act provides for both legal and equitable relief; plaintiff has asserted a claim for punitive damages, which is in the nature of legal relief, and, accordingly, is entitled to a jury trial to determine all issues triable at law.

Accordingly, defendant's motions to strike plaintiff's prayer for punitive damages and to strike the demand for jury trial are hereby ORDERED DE-NIED.

Furthermore, the Court finds that the issues resolved in this Order involve controlling questions of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the Order may materially advance the ultimate termination of the instant action, and, therefore, hereby certifies these issues for interlocutory appeal pursuant to 28 U.S.C.A. § 1292(b).