**Frances P. PONS, Appellant,**

v.

**LORILLARD, a Division of Loew's Theatres, Inc., Appellee.**

**No. 76–1369.**

United States Court of Appeals, Fourth Circuit.

Argued Nov. 9, 1976.
Decided Feb. 2, 1977.

Norman B. Smith, Greensboro, N. C. (Smith, Patterson, Follin, Curtis & James, Greensboro, N. C., on brief), for appellant.

Thornton H. Brooks, Greensboro, N. C. (M. Daniel McGinn, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, N. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge.

Alleging violation of her rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634 (1970), appellant Frances P. Pons sued her employer, Lorillard, a Division of Loew's Theatres, Inc.,[1] for injunctive reinstatement, lost wages, liquidated and punitive[2] damages, costs and attorney's fees.[3] Lorillard's motion to strike Pons' demand for a jury trial on the issue of lost wages was sustained by the District Court and an interlocutory appeal

---

1. Plaintiff at the age of 48 years was discharged on January 31, 1975; she alleges it was pursuant to a policy of employing younger persons. Lorillard is a foreign corporation doing business in North Carolina.

2. On October 18, 1976 Pons moved this court to allow amendment of her complaint to include a prayer for punitive damages.

3. This appeal involves only the right to a jury trial on the claim of lost wages. The District Judge's opinion notes that the plaintiff "conceded that the liquidated damages issue would not be triable to a jury". Nor are costs, attorney's fees nor, as explained infra, punitive damages before the court. Of course no injunctive relief is now considered.

of the order was allowed. 28 U.S.C. § 1292(b); FRAP 5.

Our task is to determine whether the Seventh Amendment provision for trial by jury "[i]n suits at common law, where the value in controversy shall exceed twenty dollars" applies to a claim under the Age Act for lost wages.[4] Analysis of the problem begins with the language of the Congress. In relevant part, sections 7(b) and 7(c) of the Act, 29 U.S.C. § 626(b), (c) state:

"(b) . . . In any action brought to enforce this [Act] the court shall have jurisdiction to grant such *legal* or equitable *relief* as may be appropriate to effectuate the purposes of this [Act], including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

"(c) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such *legal* or equitable *relief* as will effectuate the purposes of this chapter: . . ." (Emphasis added).

Our holding is that the inclusion of the phrase "legal . . . relief" empowers a Federal court to grant complainants the Constitutional right to a jury.

## I.

At the outset, we are urged to hold that Age Act complaints should follow the pattern of denial thus far adopted in enforcing the provisions against employment discrimi-

nation contained in Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5. We decline.

Design for decision on this issue is to be found in *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), declaring the availability of a jury in a civil action under Title VIII, section 812(c) of the Civil Rights Act of 1968, 42 U.S.C. §§ 3601, 3612(c), relating to fair housing. This section, as relevant, defines the powers of the court:

"(c) The court may grant as relief, as it deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order, and may award to the plaintiff actual damages and not more than $1,000 punitive damages, together with court costs and reasonable attorney fees in the case of a prevailing plaintiff: . . ."

In *Curtis* the Court contrasts Title VII—fair employment—and Title VIII—fair housing—enforcement clauses, concluding that the decisions[5] rejecting a jury trial in Title VII are not construing remedial provisions like those in VIII. 415 U.S. at 196, 94 S.Ct. 1005. To repeat, the Court quite cautiously disavows any interpretation of VII, saying only that its language is not the same as that of VIII. Its distinguishment of the phrasing warrants a lengthy quotation:

"In Title VII cases the courts of appeals have characterized backpay as an integral part of an equitable remedy, a form of restitution. But the statutory language on which this characterization is based—

---

**4.** The question has been discussed and resolved in favor of trial by a jury: *Chilton v. National Cash Register Co.*, 370 F.Supp. 660 (S.D.Ohio 1974); *Cleverly v. Western Electric Co.*, 69 F.R.D. 348 (W.D.Mo.1975), and *Murphy v. American Motors Sales Corp.*, 410 F.Supp. 1403 (N.D.Ga.1976). A list of cases implicitly settling the point is to be found in *Murphy v. American Motors Sales Corp.*, supra, at 1402.

**5.** *See Curtis v. Loether*, 415 U.S. at 196–97 n. 13, 94 S.Ct. 1005, citing *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122, 1125 (5 Cir. 1969); *Robinson v. Lorillard Corp.*, 444 F.2d 791, 802 (4 Cir.), cert. dismissed under

Rule 60, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 655 (1971); *cf. McFerren v. County Board of Education*, 455 F.2d 199, 202–04 (6 Cir. 1972); *Harkless v. Sweeny Independent School District*, 427 F.2d 319, 324 (5 Cir. 1970), cert. denied, 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439 (1971); *Smith v. Hampton Training School*, 360 F.2d 577, 581 n. 8 (4 Cir. 1966) (en banc); *see generally* Developments in the Law—Employment Discrimination and Title VII of the Civil Rights Act of 1964, 84 Harv.L.Rev. 1109, 1265–66 (1971). To this list of the Court may be added *Cox v. Babcock & Wilcox Co.*, 471 F.2d 13 (4 Cir. 1972).

'[T]he court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement or hiring of employees, with or without back pay . . . , or any other equitable relief as the court deems appropriate,'
. . . —

contrasts sharply with § 812's simple authorization of an action for actual and punitive damages. In Title VII cases, also, the courts have relied on the fact that the decision whether to award backpay is committed to the discretion of the trial judge. There is no comparable discretion here: if a plaintiff proves unlawful discrimination and actual damages, he is entitled to judgment for that amount." (Citation omitted.)

*Id.* at 197, 94 S.Ct. at 1010.

■ Equivalent differentiation is apparent between the Title VII remedies and those of the Age Act. Comparing the two as they have just now been set forth, it is seen at once that the Age Act includes the terminology of a law action, traditionally calling for a jury verdict, rather than only a suit in equity to be decided and decreed by a chancellor. Thus it comprises the power to grant legal relief, that is relief at law— obviously a suit "at common law" embodied in the Seventh Amendment.

## II.

The Age Act by its very terms excludes the non-jury concept and commands the impanelment of a jury, if requested, in claims for lost wages. Forthright to prove this view is the incorporation of related provisions of the Fair Labor Standards Act into the enforcement section of the Age Act, 29 U.S.C. § 626(b), as follows:

"The provisions of this [Act] shall be enforced in accordance with the powers, remedies, and procedures provided in sec-

tions . . . 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) [supra] of this section.
. . . Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title:
. . ."

The Fair Labor Standards Act provision, 29 U.S.C. § 216 (except subsection (a)), supra, stipulates:

"(b) Any employer who violates the provisions of section 206 [minimum wages] or section 207 [maximum hours] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

■ Thus the Age Act clearly equates lost wages as "unpaid minimum wages or unpaid overtime compensation" under the FLSA. It is settled that section 216(b) claims are legal in nature and uniformly accorded a jury trial. *McClanahan v. Mathews,* 440 F.2d 320 (6 Cir. 1971); *Chilton v. National Cash Register Co.,* 370 F.Supp. at 664 and cases cited.

■ The ultimate analysis to determine whether a suit is one "at common law" within the Amendment seems to be the three-pronged classical test: (1) Is the issue legal rather than equitable under the custom of the courts of law; (2) Is the remedy legal; and (3) Is the issue triable to a jury given the jurors' practical abilities and limitations? *Ross v. Bernhard,* 396 U.S. 531, 538 fn. 10, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *see* 5 Moore's Federal Practice § 38.16[4] pp. 162.6–8. Where issues of law and equity are intertwined in one suit, those meeting the three-pronged test merit a trial by jury.[6] *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 470–73, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962).

6. At once, we recognize that the Seventh Amendment extends its guarantee not only to common law forms of action recognized at its date of enactment—1791—but also to actions under modern statutes that create legal rights and remedies. *Curtis v. Loether,* 415 U.S. at 194, 94 S.Ct. 1005; *see* F.R.Civ.P. 38(a).

It has been helpfully observed that claims of employment discrimination, coupled with prayers for lost wages, are analogous to the common law action for breach of contract by wrongful discharge or an action in tort, with the Age Act creating the legal duty. *Cleverly v. Western Electric Co.,* 69 F.R.D. at 350–51. To interpret this cause of action as one "incidental" or "integral" to the equitable issue of reinstatement would be to violate the rule of *Dairy Queen, Inc. v. Wood,* 369 U.S. at 470, 82 S.Ct. 894, as just mentioned.

As to the second and third phases of the *Ross* test, we believe that a monetary award for back wages is a traditional legal remedy and that the computation of such an award would not be beyond the practical capabilities of a jury. *Cleverly v. Western Electric Co.,* 69 F.R.D. at 351. Consequently, all of the prerequisites to a trial by jury under the Age Act are satisfied.

Hence we hold the jury demand should not have been denied. That order is now vacated and the claim for back pay is remanded for trial by a jury.[7]

Vacated and remanded.

BUTZNER, Circuit Judge, concurring specially:

I agree with the majority opinion that 29 U.S.C. § 626(b) entitles a litigant to a jury in an action for the recovery of lost wages resulting from a violation of the Age Discrimination in Employment Act of 1967. Although the Sixth Circuit has reached a contrary conclusion,* I concur in my brothers' ruling that the statute incorporates the provisions for a jury trial required by § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b).

Since the statute settles the controversy, I find no occasion for embarking on the constitutional quest which my brothers pursue. *See Ashwander v. Tennessee Valley Authority,* 297 U.S. 288, 346–48, 56 S.Ct. 466, 80 L.Ed. 688 (1936) (Brandeis, J., concurring) (especially rule 4).

---

7. In this court plaintiff for the first time moved to amend her complaint to include a claim for punitive damages. This motion must be remanded for presentation to the trial court. F.R.Civ.P. 15(a). Likewise items of costs and attorney's fees are matters for decision by that court.

* *Morelock v. NCR Corp.,* 546 F.2d 682 (6th Cir. 1976).