Jerome A. **FELLOWS et al., Plaintiffs,**

v.

**MEDFORD CORPORATION, a Delaware Corporation, Defendant.**

**Nos. 75–993, 75–934 and 76–194.**

United States District Court, D. Oregon.

March 31, 1977.

**200**

Gerald C. Doblie, Portland, Or., for plaintiffs.

Douglas P. Cushing, Medford, Or., for defendant.

## OPINION AND ORDER

BURNS, District Judge.

Plaintiffs bring these actions against their former employer, the Medford Corporation, alleging violation of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. § 621 *et seq.* Each plaintiff also asserts a pendent state law claim in which he seeks recovery for damages sustained as a result of his employment termination.[1] The pendent claims allege the terminations to be malicious acts which were based on a socially undesirable motive, namely, advanced age of plaintiffs.

Jurisdiction of this court to hear the federal law claim is granted by 29 U.S.C. § 626(b) and § 216. Plaintiffs assert and defendant denies that this court has pendent jurisdiction over the state law claim.

The plaintiffs have made a timely demand for a trial by jury. The defendant denies that the right to a jury trial attaches to actions brought under the ADEA.

---

1. Termination, as used here, encompasses both laying off as well as refusal to rehire.

Finally, the parties raise an important issue in the proposed pretrial order which, for the sake of judicial economy, I shall rule upon in this order. Are the plaintiffs entitled to compensatory and/or punitive damages in their actions based on the ADEA?

These cases present the question of the extent to which, if at all, a party to an action brought under the ADEA is entitled to a jury trial. Neither side has cited any Ninth Circuit authority which bears directly on this question. My own research has not produced any such authority. Cases from other circuits have been studied with an eye to finding the most persuasive reasoning available.

As will be seen below, my conclusion is that a jury trial is available for some of the issues in these cases. However, I recognize that if and when this question is presented to the Ninth. Circuit, a different result may occur. For this reason, therefore, it is my intention to proceed as follows:

On the issues on which I hold a jury trial is available, I intend to make, in addition, findings and conclusions of my own under Rule 52, F.R.Civ.P. (In this regard, I reserve the right to treat any jury finding as that of an advisory jury.) If my ruling as to jury availability is determined by the Court of Appeals either in this case or in other cases to be erroneous, these cases will not have to be retried. Consequently, the discussion which follows with respect to jury availability is tentative in the sense described above.

## I. ADEA CLAIM; JURY TRIAL

■ Plaintiffs are, I believe, entitled to a jury trial on the issues of 1) the existence of unlawful discriminatory conduct on the part of the defendant; 2) the willfulness of any such conduct; and 3) the amount of liquidated and legal damages suffered by plaintiffs as a result of such conduct. Lost wages, benefits, and pension rights are the types of legal damages which a jury may assess in ADEA actions.

■ I base this decision upon the persuasive reasoning developed in two recent cases, *Rogers v. Exxon Research and Engi-*

*neering Co.*, 550 F.2d 834 (3d Cir. 1977); and *Pons v. Lorillard*, 549 F.2d 950 (4th Cir. 1977). *Rogers* in particular (and *Pons*, to a lesser extent) seems to present a more penetrating analysis of ADEA than does the decision by the Sixth Circuit in *Morelock v. NCR Corp.*, 546 F.2d 682 (6th Cir. 1976), which denied the plaintiff's right to a jury trial in ADEA cases. *Morelock* relies too heavily upon analogies between ADEA and Title VII actions. ADEA is more than a simple extension of Title VII. Like Title VII, the ADEA is directed toward discrimination. However, the ADEA has its own separate statutory scheme of remedies and enforcement provisions (much meshed with the Fair Labor Standards Act, 29 U.S.C. § 216) which must be scrutinized carefully in their own right.

The fact of discrimination, or the lack of it, is neither so strange nor esoteric as to be regarded as an equitable issue rather than a legal issue. Juries in this court, almost every day, reach decisions as to whether certain conduct was or was not the product of impermissible discrimination, e. g. race, sex and the like. Further, determination by a jury is entirely appropriate as to whether such discrimination, if it occurs, was willful or not. And it surely is not beyond a jury's ken to determine the amount of lost wages, benefits and pension rights if plaintiffs prevail. These are the stuff of which legal rights are composed. They ought to be for a jury.

■ Neither the *Rogers* nor *Pons* courts faced the issue of the right to a jury regarding the questions of willfulness and the concomitant liquidated damages. However, such a right does exist. Because 29 U.S.C. § 260 does not apply to actions brought under the ADEA, the court is without discretionary powers when determining the amount of liquidated damages. *Cleverly v. Western Electric Co.*, 69 F.R.D. 348, 352 (W.D.Mo.1975). Once the violation of the ADEA is found to be willful (29 U.S.C. § 626(b)), the amount of liquidated damages is fixed by statute (29 U.S.C. § 216(b)). Under these circumstances, the issue of willfulness (and the consequent liquidated

damages) is a proper one for the jury. The reasoning in *Cleverly v. Western Electric Co., supra,* is convincing.

"In the absence of an expression of congressional intent, the Seventh Amendment test set forth in *Ross v. Bernard* [396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729] will again be applied. Liquidated damages are merely an additional form of relief for the 'legal' action to recover back pay. The common law analogues for such actions have been considered, *supra.* Liquidated damages, having aspects of both actual and punitive damages, are a traditionally legal form of relief. *Curtis v. Loether* [415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260] *supra.* The issue of 'willfulness' and the computation of liquidated damages are well within the practical abilities of a jury. Therefore, the Seventh Amendment accords a right to jury trial on this issue." *Cleverly v. Western Electric Co., supra* at 352.

The award of attorneys' fees and costs is a determination to be made by the court in the exercise of its sound discretion. *Rogers v. Exxon Research and Engineering Co., supra.*

*Compensatory and Punitive Damages:*

■ For the reasons set forth in *Rogers v. Exxon Research and Engineering Co., supra,* compensatory damages for such items as pain, suffering, humiliation, mental or emotional distress are not recoverable in ADEA actions. *Accord, Sant v. Mack Trucks, Inc.,* 424 F.Supp. 621 (N.D.Cal. 1976). The same reasoning disallows recovery for punitive damages in these cases. The liquidated damages provided by § 216(b) are available as an alternative to compensatory and punitive damages. *Cleverly v. Western Electric Co., supra.* To allow compensatory and punitive damages, plus statutory liquidated damages, would be to permit double recovery, an impermissible result under ADEA.

## II. PENDENT STATE CLAIM

This claim is apparently based upon *Nees v. Hocks,* 272 Or. 210, 536 P.2d 512 (1975), in which the Oregon Supreme Court first recognized the new tort of employee discharge based on a socially undesirable motive. Plaintiffs ask both compensatory and punitive damages as a part of this claim.

■ Plaintiffs' contentions in the Pretrial Order also mentions ORS 659.024. If the pendent claim is based solely on this statute, it must fail. I have held elsewhere that violation of 659.024 does not imply a private right of action in court. A person with such a claim has an administrative remedy (with certain appellate rights) only.

While the language of 659.024 may have some relevance in determining the nature of the motive, and whether it was socially undesirable, its application here would be thus limited.

■ Accordingly, assuming the pendent claim is based on *Nees,* plaintiffs are entitled to a jury trial on compensatory and punitive damages on this claim. (Given the discussion in *Nees,* especially 272 Or. at 219–21, 536 P.2d at 516–17, and the date of that discussion, however, it remains open to serious question as to whether the punitive damage issue will actually be submitted to the jury in these cases.)

## III. BURDEN OF PROOF

It is not necessary to decide, at this time, which party has the burden of proof regarding various elements relating to a claim under ADEA. However, I express my tentative notions regarding these matters.

■ The plaintiffs bear the burden of proof concerning the fact of legally impermissible discrimination. I doubt that the burden of production, and any shifting of the same would be governed by the Title VII standards set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the defendant relies on a bona fide occupational qualification (bfoq) to justify its decision to terminate the plaintiffs, I would expect that this will be treated as an affirmative defense, on which defendant will have the burden of proof. *See* 90 Harv.L.Rev. 380 (1976).

## IV. TRIAL IN MEDFORD

Defendant's motion for trial in Medford, Oregon, is granted, because all parties and nearly all witnesses reside in or near Medford.