**Joseph DORSEY, Plaintiff,**

v.

**CONSOLIDATED BROADCASTING CORPORATION, RADIO STATION WEMP, Defendant.**

**No. 77–C–144.**

United States District Court,
E. D. Wisconsin.

May 20, 1977.

David A. Melnick, Milwaukee, Wis., for plaintiff.

Quarles & Brady by Laurence E. Gooding, Jr., Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved to strike the second claim of the plaintiff's complaint. This motion will be granted.

The plaintiff claims that he has been the victim of age discrimination allegedly perpetrated by his employer, the defendant,

in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. In his first claim, Mr. Dorsey seeks damages for "lost compensation, lost severance pay, and other benefits", and his second claim requests damages for injury to his "professional reputation as a radio broadcaster and disc jockey." It is this latter claim which the defendant has moved to strike.

The parties dispute the proper construction of the ADEA with respect to claims for damage to reputation. Mr. Dorsey urges that such damages are or should be allowed under the act as part of lost wages or other compensation. The defendant argues that such claims are not within the purview of the act. The parties suggest that, to their knowledge, no court has decided the narrow issue here in dispute.

By analogy, however, *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834, 839 (3d Cir. 1977) is relevant. There, the court reversed a lower court determination which had allowed a claim for damages for pain and suffering under the ADEA. I referred to the district court's decision in the same case, reported at 404 F.Supp. 324 (D.N.J.1975), in *Wisniewski v. All-Star Insurance Corp.*, no. 76–C–662, and *Shotola v. All-Star Insurance Corp.*, no. 76–C–447 (E.D.Wis. January 14, 1977). The court of appeals, in *Rogers*, stated at page 839:

> "While recognizing that no specific provision in the statute or decisional law authorized recovery for emotional and psychic distress, the district court submitted that item of damages to the jury. The trial judge reasoned that the ADEA created a new tort and conferred broad remedial authority upon the courts to redress statutory transgressions. We recognize the thoughtful approach utilized by the district court and the policy reasons which could be cited to support its position. We differ, however, because we believe the statutory plan of enforcement is inconsistent with the district court's expansive interpretation."

I believe that the reasoning of the court of appeals decision in *Rogers* should also control the instant motion. A claim for damages to reputation, like pain and suffering, is not easily susceptible of administrative resolution. *Rogers v. Exxon, supra,* p. 841. Although the act provides that a court may award "without limitation" relief, including unpaid minimum wages or other compensation, such unparticularized statutory language has not been found sufficient to expand to the extent here sought the types of relief available under the act.

Therefore, IT IS ORDERED that the defendant's motion to strike the second claim of the plaintiff's complaint, and the third paragraph of the ad damnum clause relating to such claim, be and hereby is granted.