Paul MOSLEY, Plaintiff,

v.

**NATIONAL FINANCE COMPANY, INC.,**
**Defendant Third-Party Plaintiff,**

v.

**Alice MOSLEY, Third-Party Defendant.**

**No. C–76–27–S.**

United States District Court,
M. D. North Carolina,
Salisbury Division.

Nov. 23, 1977.

_____

Wesley B. Grant, Concord, N. C., for plaintiff and third-party defendant.

Woodrow W. Gunter, II, Rockingham, N. C. and Samuel F. Davis, Jr., Concord, N. C., for defendant.

## MEMORANDUM ORDER

GORDON, Chief Judge.

In this case, the plaintiff alleges violations of the Truth in Lending Act (15 U.S.C. § 1601 *et seq.*) and other laws. The defendant lender has demanded a jury trial on all issues. The matter is before the Court on the plaintiff's motion to deny the defendant a jury trial on the issues arising under the Truth in Lending Act.

At the outset, the Court notes it is guided by the line of Supreme Court cases culminating in *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974) and by the recent Fourth Circuit decision in *Pons v. Lorillard*, 549 F.2d 950 (4th Cir. 1977), cert. granted —— U.S. ——, 97 S.Ct. 2971, 53 L.Ed.2d 1090 (1977). In *Pons*, the Fourth Circuit adopted the test set out in *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), to use in determining whether a suit to enforce a statutory right falls within the Seventh Amendment's requirement of a jury trial:

> "The ultimate analysis to determine whether a suit is one 'at common law' within the Amendment seems to be the three-pronged classical test: (1) Is the issue legal rather than equitable under the custom of the courts of law; (2) Is the remedy legal; and (3) Is the issue triable to a jury given the jurors' practi-

ion would follow. There is, therefore, no Order accompanying this Opinion.

cal abilities and limitations?" 549 F.2d at 953.

The question of whether there exists a right to jury trial in suits arising under the Truth in Lending Act is a novel one for this Court. Indeed, the Court has found no officially reported decision which discusses the matter. The plaintiff has cited *Warren v. G.A.C. Finance Corp.*, C.A.No.17980 (N.D.Ga. July 18, 1973), in which a federal district court held that there was no right to a jury trial under the Truth in Lending Act. The Court has carefully reviewed *Warren* and finds it unpersuasive in that it applied a test which differs significantly from the one set out in *Pons*.

In his complaint, the plaintiff alleges that the defendant lender violated the Truth in Lending Act by failing to disclose to the plaintiff the amount of the finance charges, the annual percentage rate and other matters. While the Court perceives no close analogy between this claim and any traditional legal or equitable claim, an analogy could be made to the tort action for deceit or to the equitable action for breach of a fiduciary duty. Since there was no fiduciary relationship between the plaintiff and defendant, the Court believes the closer analogy is to the tort action.

Two decisions of the District Court for the Southern District of New York involving the securities laws support the idea that a right to jury trial exists where the issue to be decided is whether a defendant violated a statutory duty to disclose certain information. Simply stated, both the Securities Act of 1933 and the Securities and Exchange Act of 1934 impose, *inter alia*, duties on certain individuals to disclose material information. In *Mintz v. Allen*, 45 F.R.D. 35 (S.D.N.Y.1968) and *Richland v. Crandall*, 259 F.Supp. 274 (S.D.N.Y.1966), the District Court held that a right to a jury trial existed where the issue to be determined was whether the defendants had violated the Securities Acts by failing to disclose certain information.

The Truth in Lending Act allows a plaintiff to seek both actual damages and a civil penalty. A suit for actual damages would be one seeking a legal remedy whether or not the action was couched in legal or equitable terms. *See Curtis v. Loether*, 415 U.S. 189, 195–96, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 476–78, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962). However, in this suit the plaintiff makes no claim under the Truth in Lending Act for actual damages and seeks only the civil penalty. While it is not immediately clear whether a civil penalty can be characterized as a legal or equitable remedy, the Court finds persuasive on this issue the Second Circuit decision in *United States v. J. B. Williams Company, Inc.*, 498 F.2d 414 (2d Cir. 1974). In that case, the Federal Trade Commission sought to enforce a civil penalty against an advertiser for deceptive advertising. Judge Friendly, after an exhaustive review of various federal statutes that provide for civil penalties, ruled that a Seventh Amendment right to jury trial exists whenever the United States seeks to collect a civil penalty. While the present case involves a suit by an individual plaintiff and not the United States, the same rule should apply here because the normal rules governing the right to jury trial are applied in suits brought by the United States. 5 Moore's Federal Practice para. 38.31(1) at 233.

Finally, the Court believes that determination of the issues in this case would be within the practical capabilities of the jury. Consequently, all of the prerequisites for a right to trial by jury are satisfied in this case.

For the foregoing reasons, it is ORDERED that the plaintiff's motion to deny the defendant a jury trial is denied.

On or before thirty days from this date, counsel for the parties will file with the Court requests for instructions bearing directly on those issues which counsel deem should be submitted to the jury.