John D. Ashcroft, Atty. Gen., Paul Robert Otto, Chief Counsel, Crim. Div., Jefferson City, Mo., for respondent.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court upon the application of petitioner for a writ of habeas corpus. Respondent has replied to the show cause order of this Court dated October 25, 1977 and argues that the application should be dismissed for failure to exhaust available state remedies. Respondent has presented exhibits which indicate that petitioner filed a notice of appeal in the Springfield District of the Missouri Court of Appeals prior to filing his petition in this Court. Petitioner argues that the exhaustion requirement of 28 U.S.C. § 2254 is inapplicable due to the delay of almost two years between the time of his filing his 27.26 motion and the date his motion was denied.

The Court is aware of the extreme and unexplained delay which occurred while petitioner's motion was pending in the Circuit Court of Mississippi County. It would appear, however, that the appeal from that order is now proceeding in a timely manner. Moreover, petitioner did not seek relief in this Court until after the adverse ruling of the circuit court had been made and an appeal had been filed. Petitioner is currently pursuing his right to appeal the decision of the circuit court. Accordingly, he cannot be said to have exhausted his available state remedies.

**Walter H. JAEGER, Plaintiff,**

v.

**AMERICAN CYANAMID COMPANY, Defendant.**

Civ. A. No. 76-C-249.

United States District Court,
E. D. Wisconsin.

Jan. 16, 1978.

Walter F. Kelly, Milwaukee, Wis., for plaintiff.

George K. Whyte, Jr., and Patrick W. Schmidt, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This action arises under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. Plaintiff Walter H. Jaeger alleges that his employment with defendant American Cyanamid Company was terminated because of his age. In paragraph 10 of his complaint plaintiff alleges that he has suffered personal and economic injury including but not limited to:

> " * * * reduction in social security benefits, loss of future earning opportunity, loss of enjoyment of life, emotional trauma, and embarrassment, humiliation, pain, and suffering."

He has requested, among other forms of relief, $100,000.00 "as compensatory damages for actual intangible injury, present and future, and in order to effectuate the purposes of the Federal Age Discrimination in Employment Act of 1967 * * *." Plaintiff has also demanded a jury trial. The defendant has moved, pursuant to Rule 7 of the Federal Rules of Civil Procedure, to strike the demand for damages for "pain and suffering" from plaintiff's complaint and the demand for a jury trial.

The courts have divided on the issue of whether the statutory scheme set forth in the ADEA allows for compensatory dam-

ages. See, e. g., *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834 (3d Cir. 1977); *Sant v. Mack Trucks, Inc.*, 424 F.Supp. 621 (N.D.Cal.1976). Cf. *Bertrand v. Orkin Exterminating Company*, 432 F.Supp. 952 (N.D.Ill.1977); *Rechsteiner v. Madison Fund, Inc.*, 75 F.R.D. 499 (D.Del.1977); *Coates v. National Cash Register Company*, 433 F.Supp. 655 (W.D.Va.1977). They are similarly divided on the issue of right to a jury trial. See, e. g., *Morelock v. The NCR Corporation*, 546 F.2d 682 (6th Cir. 1976); *Hannon v. Continental National Bank*, 427 F.Supp. 215 (D.Colo.1977). Cf. *Rogers v. Exxon Research and Engineering Co.*, supra; *Pons v. Lorillard*, 549 F.2d 950 (4th Cir. 1977). Neither the Seventh Circuit Court of Appeals nor the United States Supreme Court has ruled on either issue. Consequently, it is the duty of this Court to determine for itself which of the viewpoints represented above constitutes a better interpretation of the law. For the reasons hereinafter stated, the Court decides that the ADEA does not allow for compensatory damages, but does allow for trial by jury. Therefore, the defendant's motion will be granted in part and denied in part.

### Compensatory Damages

Section 626(b) of 29 U.S.C. provides in part:

"The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. * * * Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided*, That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. * * *"

Section 626(c) of 29 U.S.C. provides in part:

"Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: * * *."

Defendant asserts that those courts which have denied the right to recovery of compensatory damages under the ADEA have relied on three main theories in so doing: (1) that 29 U.S.C. § 626(b) provides specifically for recovery of unpaid minimum wages, unpaid overtime compensation, and liquidated damages, but no mention is made therein of recovery of damages for pain and suffering; (2) that allowing recovery for damages for pain and suffering would inject an element of uncertainty into the statutory scheme set forth in the ADEA which would undermine the congressional plan for primary administrative enforcement of the Act; and (3) that the Act protects pecuniary employment interests but does not extend to personal interests. See *Rogers v. Exxon Research and Engineering Co.*, supra; *Sant v. Mack Trucks, Inc.*, supra; *Hannon v. Continental National Bank*, 427 F.Supp. 215 (D.Colo.1977); *Looney v. Commercial Union Assurance Companies*, 428 F.Supp. 533 (E.D.Mich.1977); *Dorsey v. Consolidated Broadcasting Corp.*, 432 F.Supp. 542 (E.D.Wis.1977), Gordon, J., presiding.

While this Court does not concur with all of the reasoning of the Third Circuit Court of Appeals as set forth in *Rogers, supra*, it concurs in the result reached by that Court for the first reason set forth above. The ADEA creates a remedy for an injury not compensable at common law. Thus, the Court must look to the statute to determine both the type of injury created and the type of remedy available and cannot import into the statute injuries or remedies not provided for therein.

A cause of action for damages for pain and suffering is a limited creation of the common law primarily in the area of tort. Had Congress intended to create an injury of emotional distress and to provide a remedy therefor, the Court is of the opinion that it would have done so in terms which were not ambiguous. The "without limitation" language in 29 U.S.C. § 626(b) applies, in the opinion of this Court, to the types of relief set forth immediately thereafter. That is, a Court may grant relief in the form of "judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section" without limitation on the power of the court to tailor the terms and conditions of such relief to the particular injury being compensated within, however, the limitations as to the type of relief set forth in that section.

Similarly, 29 U.S.C. § 626(b) acts as a limitation on 29 U.S.C. § 626(c), and in providing in § 626(c) that any person aggrieved may bring a civil action "for such legal or equitable relief as will effectuate the purposes of this chapter," Congress has already limited the types of relief that in its opinion will effectuate the purposes of the chapter by the more explicit language in § 626(b).

■ The plaintiff has requested that in the event the Court strikes his request for damages for pain and suffering, an advisory jury be impaneled pursuant to Rule 39(c) of the Federal Rules of Civil Procedure to give an advisory opinion on plaintiff's claim for those damages. The request will be granted to the extent that the jury impaneled for consideration of plaintiff's other claims will also be permitted to give an advisory decision on the issue of what, if any, damages for pain and suffering the plaintiff has incurred. In view of the unsettled state of the law on the issue, the division between the circuit courts of appeal, and the grant of certiorari by the United States Supreme Court in reference to the decision of the Third Circuit Court in *Rogers v. Exxon Research and Engineering*

*Co., supra,* the Court finds that this is one of the rare occasions when use of an advisory jury is warranted.

*Jury Trial*

■ In his complaint, the plaintiff has requested an award of compensatory and liquidated damages resulting from loss of employment income and pension and insurance benefits and reduction in social security benefits. Also he has requested an award for loss of future earning opportunity, loss of enjoyment of life, emotional trauma and embarrassment, and humiliation, all of which is called "pain and suffering". Defendant argues that despite the characterization of the relief which a court may grant in 29 U.S.C. § 626(b) as "legal or equitable", in fact such relief as is provided for is equitable in character and therefore plaintiff is not entitled to a jury trial. Defendant's assertion presumes either that compensatory damages for intangible injuries are not available or, in the alternative, that all of the damages which plaintiff claims are equitable in nature for purposes of the Seventh Amendment to the United States Constitution. See *Rogers v. Exxon Research and Engineering Co., supra; Morelock v. The NCR Corporation,* 546 F.2d 683 (6th Cir. 1976); *Hannon v. Continental National Bank,* 427 F.Supp. 215 (D.Colo.1977), on which defendant relies.

Even though this Court has determined that compensatory damages for pain and suffering are not available under the ADEA, it finds that plaintiff is entitled to a jury trial. Section 626(b) of 29 U.S.C. provides that the provisions of the ADEA shall be enforced in accordance with the powers, remedies, and procedures provided in § 216 of Title 29. Rule 38(a) of the Federal Rules of Civil Procedure provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved * * * inviolate." See also *Pernell v. Southall Realty,* 416 U.S. 363, 365, 94 S.Ct. 1723, 40 L.Ed.2d 198 (1974).

As stated in 29 U.S.C. § 626(b), amounts owing to a person under the ADEA "shall

be deemed to be unpaid minimum wages or unpaid overtime. compensation for purposes of sections 216 and 217 of this title * *." Section 216 of 29 U.S.C. has been consistently interpreted as authorizing jury trial of monetary claims for unpaid wages and overtime compensation. *Wirtz v. Turner*, 330 F.2d 11 (7th Cir. 1964); *McClanahan v. Matthews*, 440 F.2d 320 (6th Cir. 1971); *Wirtz v. Jones*, 340 F.2d 901 (5th Cir. 1965). Therefore, since Congress has authorized the incorporation into the ADEA of the procedures provided for in 29 U.S.C. § 216, the plaintiff in this action is entitled to a trial of his claims by jury. See *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 835 at 839 and n. 7 on 839 (3d Cir. 1977); *Pons v. Lorillard*, 549 F.2d 950 (4th Cir. 1977), Butzner, J., concurring. Plaintiff's right to trial by jury includes his claim for liquidated damages. *Lewis v. Times Publishing Co.*, 185 F.2d 457 (5th Cir. 1950); *Fellows v. Medford Corp.*, 431 F.Supp. 199 (D.Or.1977). The Court need not reach the issue of entitlement to a jury under the Seventh Amendment to the United States Constitution.

*Order*

For the foregoing reasons,

IT IS ORDERED that the motion of the defendant American Cyanamid Company to strike the demand of the plaintiff Walter H. Jaeger for damages for pain and suffering is granted, and that the motion to strike the plaintiff's demand for a jury trial is denied.

IT IS FURTHER ORDERED that the plaintiff Walter H. Jaeger may present evidence. at trial on the issue of damages for pain and suffering, and that the jury impaneled to try this action will be permitted to make an advisory decision on the issue of the amount of damages, if any, for pain and suffering which the plaintiff Jaeger has suffered.