Mildred KENNEDY and Lillian Ross, Plaintiffs,

v.

MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, Defendants.

Civ. A. No. 77–K–974.

United States District Court, D. Colorado.

May 10, 1978.

Howard A. Roitman, Denver, Colo., for plaintiffs.

Rodney L. Smith, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

THIS MATTER is before the court on a motion to dismiss the amended complaint filed by defendant Mountain States Telephone and Telegraph Company on November 21, 1977. Defendant moves as follows: to dismiss all claims for non-willful violations of the Age Discrimination and Employment Act of 1967 because such claims were not filed within two years of their occurrence; to dismiss claims for pain and suffering because such claims are not compensable under the Act; and to deny plaintiffs' request for a jury trial. Further, defendant moves to dismiss the second and third claims for relief which set forth state causes of action for breach of contract and tortious infliction of emotional distress. In the alternative, defendant moves to dismiss plaintiff's claims for attorney's fees, interest and costs for the second and third claims for relief because such fees and costs are not properly awardable in this type of case.

Plaintiffs filed this action under the Age Discrimination in Employment Act [ADEA], 29 U.S.C. § 621, *et seq.*, alleging that they were demoted on May 5, 1975 because of their ages and were not returned to their positions in management until December 28, 1975. It is alleged that the demotions were the result of age discrimination by defendant which resulted in a loss of compensation in the amount of approximately $5,000 each; loss of participation in the management savings program; reduction in pension rights; and denial of other fringe benefits. Plaintiffs also alleged that they suffered physical pain and undue mental suffering as a result of defendant's actions. . Plaintiffs submit that the actions complained of constitute willful violations of 26 U.S.C. § 623(a).

## STATUTE OF LIMITATIONS

Defendant has moved the court to dismiss claims for all non-willful violations of the ADEA because such claims were not filed with this court within two years of their occurrences as required by 29 U.S.C. § 626(e). This section incorporates the statute of limitations set forth in the Portal-to-Portal Pay Act, 29 U.S.C. § 255(a). Although defendant has accurately cited the two year limitation period for non-willful violations, the amended complaint alleges that defendants actions were *willful* violations of the ADEA. 29 U.S.C. § 255(a) provides that "a cause of action arising out of a willful violation may be commenced within *three years* after the cause of action accrued." (emphasis added.) Plaintiff's action was filed well within the three year period. Accordingly, defendant's motion to dismiss on this ground is denied.

## CLAIM FOR PUNITIVE DAMAGES

The purposes of the ADEA are "to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from the impact of age on employment." 29 U.S.C. § 621(b). The protection afforded by this chapter is limited to "individuals who are at least forty years of age but less than sixty-five years of age." 29 U.S.C. § 631. The enforcement provisions of the ADEA state, in part, as follows:

In any action brought to enforce this chapter the court shall have jurisdiction to grant such *legal or equitable relief* as may be appropriate to effectuate the pur-

poses of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. 29 U.S.C. § 626 (emphasis added.) Subsection (c) permits "[a]ny person aggrieved [to] bring a civil action in any court of competent jurisdiction for such *legal or equitable relief as will effectuate the purposes of this chapter . . . ."* 29 U.S.C. § 626(c) (emphasis added.)

Most courts have analogized age discrimination cases brought under the ADEA with the provisions and case law governing Title VII of the Civil Rights Act of 1964. Although it has been recognized that the two statutes are not identical and that decisions construing Title VII are not totally dispositive of the issues raised under the ADEA, most courts have determined that a comparison is profitable. See *Murphy v. American Motors Sales Corp.,* 410 F.Supp. 1403 (N.D.Ga.1976).

A review of the decisions in other United States courts and their efforts to determine congressional intent regarding the availability of punitive damages under the ADEA reveals a sharp divergence. Punitive damages were allowed in *Walker v. Pettit Construction Co.,* 437 F.Supp. 730 (D.S.C.1977); *Coates v. National Cash Register Co.,* 433 F.Supp. 655 (W.D.Va.1977); *Bertrand v. Orkin Exterminating Company,* 432 F.Supp. 952 (N.D.Ill.1977); *Combes v. Griffin Television, Inc.,* 421 F.Supp. 841 (W.D.Okl.1976); *Murphy v. American Motors Sales Corporation,* 410 F.Supp. 1403 (N.D.Ga.1976). Other courts have denied recovery of punitive damages under the Age Act, *Dean v. American Security Insurance Company,* 559 F.2d 1036 (5th Cir. 1977), *cert. denied,* 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (2/21/78); *Rogers v. Exxon Research and Engineering Company,* 550 F.2d 834 (3rd Cir. 1977), *cert. denied,* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978); *Fellows v. Medford Corporation,* 431 F.Supp. 199 (D.Or.1977); *Looney v. Commercial Union Assurance Companies,* 428 F.Supp. 533 (E.D.Mich.1977); *Hannon v. Continental National Bank,* 427 F.Supp. 215 (D.Colo. 1977); *Platt v. Burroughs Corporation,* 424 F.Supp. 1329 (E.D.Pa.1976); *Sant v. Mack Trucks, Inc.,* 424 F.Supp. 621 (N.D.Cal. 1976).

The essential difference in the enforcement provisions of Title VII and the ADEA is that relief under Title VII is limited to equitable remedies whereas the Age Act provides for both equitable and legal relief. All United States courts recognize that punitive damages are not recoverable under Title VII due to this statutory limitation to equitable relief. 42 U.S.C. § 2000e–5(g). 29 U.S.C. § 626(b) and (c) make it clear that the Age Act is not so limited.

Further, most courts that have refused to make punitive damages available under the ADEA have also refused parties in a private suit under the ADEA to have trial by jury. The rationale in support of this latter position is based on the non-availability of a jury trial in Title VII cases. Such was recently rejected, however, by the United States Supreme Court in *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). In determining that the plaintiff was entitled to a jury trial under the ADEA, the court emphasized that 29 U.S.C. § 626(b) empowers a court to grant "legal or equitable relief." Recognizing that congress knew the significance of the phrase "legal relief" when the statute was drafted, the court distinguished Title VII:

> Looking first to the statutory language defining the relief available, we note that Congress specifically provided for both "legal or equitable relief" in the ADEA, but did not authorize "legal" relief in so many words under Title VII.

Further, citing *Standard Oil v. United States,* 221 U.S. 1, 59, 31 S.Ct. 502, 515, 55 L.Ed. 619 (1911), the court stated:

> The word "legal" is a term of art . . . "[W]here words are employed in a statute which had at the time a well-known meaning at common law or in the law of this country, they are presumed to have been used in that sense unless the context compels to the contrary."

The award of punitive damages has been recognized and treated as a legal rather than equitable remedy. *Pearson v. Western Electric Company,* 542 F.2d 1150 (10th Cir. 1976). Taking into account the apparent congressional intent behind the inclusion of "legal" relief and the "long-established meaning [and] significance" of that term persuades this court that in a private action under the ADEA punitive damages will be available where sought by the plaintiff. *See generally Lorillard v. Pons, supra.* Accordingly, defendant's motion to dismiss this claim for relief is denied.

### PENDENT STATE CLAIMS

The issue of whether to accept jurisdiction of the state contract and tort claims is discretionary with the court. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1136, 16 L.Ed.2d 218 (1966). We decline to exercise jurisdiction over these claims in this case. The damages recoverable under a tort claim for intentional infliction of emotional distress are punitive in nature. Since we have already ruled that punitive damages are recoverable under the ADEA, the plaintiffs' claims of mental distress can be remedied thereunder without resort to the state cause of action.

The breach of contract claim lacks sufficient relationship to the federal cause of action to convince this court that pendent jurisdiction should be exercised. The inevitable complications in matters of proof and concomitant clouding of issues supports this conclusion. Accordingly, defendant's motion to dismiss the state claims is granted.

### JURY TRIAL

Defendant's motion to dismiss plaintiffs' request for a jury trial is denied. *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978).

Accordingly,

IT IS ORDERED that the defendant's motion to dismiss the first claim for relief is denied; the motion to dismiss the second and third claims for relief is granted. Defendant is directed to respond to the plaintiffs' first claim for relief as set forth in its amended complaint on or before ten (10) days from the date hereof.