**A. P. WILSON, Plaintiff-Appellant,**

v.

**SEALTEST FOODS DIVISION OF KRAFTCO CORPORATION, Defendant-Appellee.**

**No. 73-3246.**

United States Court of Appeals, Fifth Circuit.

Sept. 19, 1974.

Rehearing Denied Dec. 13, 1974.

---

Jere D. McWinn, Jacksonville, Fla., for plaintiff-appellant.

Guy O. Farmer, II, Gary P. Sams, James A. Bledsoe, Jr., Jacksonville, Fla., Robert G. Johnson, Janet Skaare Morris, Glenview, Ill., for defendant-appellee.

Before BROWN, Chief Judge, TUT-TLE, Circuit Judge, and YOUNG, District Judge.

JOHN R. BROWN, Chief Judge:

Appellant, A. P. Wilson, brought this suit under the Age Discrimination in Employment Act, 29 U.S.C.A. § 621 et seq.[1] alleging that his employer, the Sealtest Foods Division of Kraftco Corporation, unlawfully discharged him because of his age. At the conclusion of the presentation of Appellant's case, the District Court granted the employer's motion for a directed verdict. Appellant challenges this finding as well as the District Court's refusal to admit into evidence his testimony and that of certain Sealtest employees relating to statements made by company supervisors concerning hiring policies and job openings. We reverse.

Briefly, the facts are that Appellant Wilson had been employed by Sealtest at its Jacksonville, Florida location for thirty-three years, the last twenty-two of them consecutively. During this time he worked at various company jobs beginning as a special delivery salesman of dairy products and working his way up to the position of accounting clerk in 1970. In April of 1970, Appellant was told by his supervisor that Sealtest was gradually closing down its accounting offices in Jacksonville as well as other locations and that if Appellant desired continuous employment with the company he could become a production clerk in Sealtest's Jacksonville warehouse. Appellant Wilson told his supervisor he had no experience as a production clerk but his supervisor assured him that was of no consequence and that he would be given time enough to learn the job. Several months after joining the production department, Appellant was told by his supervisor he was doing a good job.

[1] 623. *Prohibition of age discrimination.*—
(a) It shall be unlawful for an employer—
(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

On July 14, 1972, Appellant, who was then sixty-two years of age, was told by several company supervisors that the company had made a job survey and determined they would have to ask Appellant to take an early retirement effective August 5. Appellant testified he had never indicated to the company that early retirement was his desire but that he felt compelled to agree with the company's suggestion. He was soon replaced by Joe Brown, a fifty year old accounting clerk who had been transferred to the Production Department several months prior to Appellant's dismissal.

There has been much debate in both briefs and argument as to whether the recent Supreme Court case of McDonnell Douglas Corp. v. Green, 1973, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668, which outlines the elements of proof necessary to a prima facie case of racial discrimination under Title VII of the 1964 Civil Rights Act, has significant relevance to the present case. Appellant argues that any analogous showing that the employee was within the protected age group (40–60), was doing satisfactory work, was terminated without adequate explanation and replaced by a younger man, is sufficient to preclude a judge from directing a verdict against a plaintiff at the close of his case. Once such a showing is made, the burden then shifts to the employer to present some reasonable non-discriminatory explanation for its conduct. The Appellee, on the other hand, contends that McDonnell standards are not applicable in that McDonnell involved a situation where a demonstrably qualified Black man was not hired by a company even though there were no other qualified applicants competing for the job, whereas the present case involves the company's selection between two employees for one position.

■ We agree with the Appellee that there are certain factual dissimilarities between McDonnell and the present case. We do not, however, find it necessary to rely solely upon McDonnell precedent in order to determine that the Appellant presented sufficient evidence to prohibit the District Court from directing a verdict against him. We simply state that in the particular procedural framework within which this case is presented, a showing that the Appellant was within a protected class, was asked to take early retirement against his will, was doing apparently satisfactory work, and was replaced by a younger person, will not permit dismissal at such an early stage of the trial proceeding.[2] A minimal showing of these analogous McDonnell factors justifies some explanation on the part of the employer.

The Age Discrimination in Employment Act[3] requires that the complainant prove the employer discharged him or her because of such individual's age. It is possible that in the presentation of the employer's case, further evidence relating more directly to the requisite specific intent to discriminate might be adduced during cross-examination by the Appellant. We cannot foreclose this possibility. It may be that the company in this case had an impermissible intent when discharging the Appellant which can only be judged from viewing the evidence as a whole. U.S.Const. Amend. VII;[4] Boeing Co. v. Shipman, 5 Cir., 1969, 411 F.2d 365; Texaco, Inc. v. Lirette, 5 Cir., 1969, 410 F.2d 1064; Liberty Mutual Ins. Co. v. Davis, 5 Cir., 1969, 412 F.2d 475.

■ We wish to additionally emphasize that all we are presently holding is that the District Court erred in directing a verdict at the close of Appellant's case. Should the evidence at the end of the Appellee's case be such that it is without contradiction that the company in fact was forced simply to choose one man over another and that the choice was not at all tainted with the impermissible criteria of age—then the District Court would be correct in directing a verdict for the Appellee at the end of all the evidence.

2. This is not to say that a mere showing by the plaintiff that he is within a protected group and has been dismissed without explanation without more will require reversal under the same circumstances.

3. See note 1 supra.

4. See Curtis v. Loether, 1974, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260; making the Seventh Amendment right to a jury trial applicable to actions enforcing statutory rights for damages in a court of law.

The Appellant also contends that the District Court erred in excluding certain testimony of Appellant and other company employees relating to company hiring policies on the basis of irrelevance and immateriality.

 In a proffer Appellant sought to prove that Joe Brown, the eventual replacement for Appellant after his termination, would testify that when he was hired in 1957 he was told by the company personnel manager that the position which he sought was usually held by younger men. Brown was thirty-four at the time. Since the conversation took place almost fifteen years before the alleged discrimination against Appellant, the District Court was well within its discretion to exclude such testimony. Fitzgerald v. United States Lines Co., 2 Cir., 1962, 306 F.2d 461, rev'd on other grounds, 1962, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720, reh. denied, 1963, 375 U.S. 870, 84 S.Ct. 26, 11 L.Ed.2d 99; Miller v. Alexandria Truck Lines, Inc., 5 Cir., 1960, 273 F.2d 897, opinion corrected and reh. denied, 1960, 274 F.2d 942.

Appellant further attempted to submit testimony of Rupert Gladden, an operating engineer who worked on productions machines in a separate section of the plant from where Appellant worked. Appellant asserts that Gladden would testify that their mutual supervisor told Gladden he wanted "younger men" in the production department. The job of production clerk, however, involves the use of machinery whereas the job Appellant held, that of accounting clerk, involved merely clerical duties. This distinction in itself might be grounds upon which the District Court was justified in excluding the testimony on the basis of relevance. We do not, however, preclude the possibility that the District Court may wish to reconsider the admission of such testimony in the event new evidence is presented by the Appellant on remand of this case that would tend to heighten its relevancy.

 Finally, the Appellant urges that his own testimony attempting to establish that the company had a job opening· for a laboratory technician at approximately the same time Appellant was dismissed should not have been excluded because it tended to show the bad faith of the company in not offering him the job. We agree with the District Court and the Appellee that the connection between the alleged opening of the job of lab technician and the failure of the company to offer the position to the Appellant as being evidence of discriminatory intent was tenuous enough to sustain a finding of nonrelevance. United States v. Ravich, 1970, 2 Cir., 421 F.2d 1196, cert. denied, 1970, 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66; 32 C.J.S. Evidence §§ 435, 436 (1964); McCormick, Evidence § 185, at 440 n. 35 (2d ed. 1972).

Reversed.

## ON PETITIONS FOR REHEARING

PER CURIAM:

Both petitions for rehearing indicate that the parties read our opinion to foreclose the availability of a full evidentiary hearing on the merits of the case. The opinion was meant to have no such import. We explicitly held that appellant's case called for no more and no less than a hearing of all the evidence.

It is ordered that the petitions for rehearing filed in the above entitled and numbered cause be and the same are hereby denied.