Timothy J. ELLIS, Plaintiff,

v.

PHILIPPINE AIRLINES, Defendant.

No. C–77–1889 SC.

United States District Court,
N. D. California.

Dec. 16, 1977.

Mark I. Schickman, San Francisco, Cal., for plaintiff.

Quentin H. Smith, Smith, Shara & Arnold, San Jose, Cal., John B. Shepard, Fisher & Phillips, Atlanta, Ga., for defendant.

ORDER

CONTI, District Judge.

Plaintiff filed this action against defendant alleging that his employment was terminated in violation of the Age Discrimination in Employment Act (ADEA). 29 U.S.C. §§ 621–634. The matter is before the court on defendant's motion to strike the prayers for compensatory damages for pain and suffering and punitive damages from plaintiff's complaint, and to strike plaintiff's demand for a jury trial.

The ADEA was passed by Congress "to prohibit arbitrary age discrimination in employment." 29 U.S.C. § 621(b). The Act's prohibitive language tracks Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1). 29 U.S.C. § 623(a)(1). However, it draws its enforcement "powers, remedies, and procedures" from the Fair Labor Stan-

dards Act, 29 U.S.C. §§ 211(b), 216 (except for subsection (a) thereof), and 217. 29 U.S.C. § 626(b). Since the latter aspect of the ADEA is of concern here, the court first turns its attention to the Fair Labor Standards Act.

The Fair Labor Standards Act provides that "[a]ny employer who violates the [minimum wage or maximum hour sections of the Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The ADEA incorporates this provision as follows:

> Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided*, That liquidated damages shall be payable only in cases of willful violations of this chapter. 29 U.S.C. § 626(b).

The Act does not indicate how "amounts owing to a person as a result of a violation of [the ADEA]" are to be determined other than to provide that "[i]n any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter." *Id.*

Plaintiff acknowledges that there is a split of authority at the district court level as to the availability of compensatory damages for pain and suffering and punitive damages under the Act. This court faced this issue in part in *Sant v. Mack Trucks, Inc.*, 424 F.Supp. 621 (N.D.Cal.1976), where it ordered plaintiff's prayer for damages for pain and suffering stricken. The court said:

> The Act draws its parameters of protected interests around the pecuniary employment relationship between the employer and the employee. Personal interests, such as bodily and mental integrity, are well outside the boundaries of the Act.
>
> *     *     *     *     *     *

> The language of the ADEA does not provide for the awarding of actual damages. Rather, the ADEA limits monetary recovery to lost wages.

*Id.* at 622.

The court also emphasized that large tort recoveries would frustrate the Act's policy of favoring informal settlement of disputes through conciliation.

■ The only court of appeals that considered a claim for pain and suffering reached a similar result. *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834 (3rd Cir. 1977). Plaintiff here focuses on the language in the ADEA that provides that "[a]ny person aggrieved may bring a civil action in any court of competent jurisdiction for such *legal* or equitable *relief* as will effectuate the purposes of this chapter." 29 U.S.C. § 626(c) (emphasis added). Specifically, he argues that damages for pain and suffering are "legal relief." The court agrees with the Third Circuit that "[t]he mere inclusion of the words 'legal relief' is not determinative." 550 F.2d at 841. The proper inquiry is whether the relief will "effectuate the purposes of [the ADEA]." For the reasons indicated above, the court is of the opinion that recovery of damages for pain and suffering would have the opposite effect, and plaintiff's prayer for these damages should, therefore, be stricken.

■ Plaintiff also prayed for punitive damages. As indicated above, the ADEA provides for recovery of liquidated damages of double the amount of lost wages for willful violations of the Act. 29 U.S.C. § 626(b). To allow punitive damages in excess of this limitation would frustrate congressional intent. Because plaintiff has included a prayer for liquidated damages in his complaint, his prayer for punitive damages should be stricken.

In the second part of its motion, defendant moves to strike plaintiff's demand for a jury trial. Defendant focuses on the language in the ADEA that provides that "[i]n any action brought to enforce this chapter *the court* shall have jurisdiction to grant such legal or equitable relief as may be

appropriate to effectuate the purposes of this chapter." 29 U.S.C. § 626(b) (emphasis added). Defendant also cites *Slack v. Havens,* 522 F.2d 1091 (9th Cir. 1975), where the Ninth Circuit held that jury trials need not be provided in Title VII suits. In that case, the court said that "the award of back pay [under Title VII] is an integral part of the equitable remedy of reinstatement." *Id.* at 1094.

■ There is no provision in Title VII for legal relief. 42 U.S.C. § 2000e–5(g). Therefore, there is no right to a jury trial even when back pay is sought. However, under the ADEA, provision is made for both "legal and equitable relief." 29 U.S.C. § 626(b). In this context, Title VII is not a proper analogy.

■ Suits for damages under the Fair Labor Standards Act are within the Seventh Amendment. *Wirtz v. Jones,* 340 F.2d 901 (5th Cir. 1965). *See also Paradise Valley Investigation & Patrol Service v. United States District Court, District of Arizona,* 521 F.2d 1342 (9th Cir. 1975). Since "amounts owing to a person as a result of a violation of [the ADEA]" are equated with unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 626(b), there should be a right to a jury trial under the ADEA as well. Because of the court's decision on the first part of defendant's motion, to hold otherwise would deprive the words "legal relief" of any substance.

The courts of appeals that considered this issue split. *Pons v. Lorillard,* 549 F.2d 940 (4th Cir.), *cert. granted,* 433 U.S. 907, 97 S.Ct. 2971, 53 L.Ed.2d 1090 (1977), and *Rogers v. Exxon Research & Engineering Co., supra,* held there is a right to a jury trial under the Act. *Morelock v. NCR Corp.,* 546 F.2d 682 (6th Cir. 1976), held there is not. In *Curtis v. Loether,* 415 U.S. 189, 195, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974), the Supreme Court indicated the standard to be applied in cases of this sort:

> [W]hen Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law.

Because a suit for lost wages is similar to a breach of employment contract action, there is no reason for denying the jury trial right here, and plaintiff's demand should, therefore, not be stricken.

For the reasons indicated above, the court hereby orders that defendant's motion to strike the prayers for compensatory damages for pain and suffering and punitive damages from plaintiff's complaint be granted, and that defendant's motion to strike plaintiff's demand for a jury trial be denied.