**Starling H. MINTON, Plaintiff-Appellant,**

v.

**WHIRLPOOL CORPORATION,
Defendant-Appellee.**

**No. 77-1777.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 13, 1978.

Decided Jan. 24, 1978.

Charles C. Griffith, Evansville, Ind., for plaintiff-appellant.

Charles J. Griffin, Jr., Chicago, Ill., for defendant-appellee.

Before CUMMINGS and PELL, Circuit Judges, and EAST, Senior District Judge.*

PELL, Circuit Judge.

The plaintiff alleged that he was discharged from employment in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 621. The defendant-employer's answer admitted that he was removed from its payroll, but raised the defense that this action was in observance of a bona fide employee benefit plan which was not a subterfuge to evade the purposes of the ADEA. After submission of supporting affidavits, the district court granted the defendant's motion for summary judgment. It is from this summary judgment that the plaintiff appeals.[1]

The plaintiff argues in this appeal that the defendant used its pension plan as a subterfuge to evade the purposes of the ADEA. Section 623(f)(2) of the ADEA permits an employer "to observe the terms of a . . . bona fide employee benefit plan such as retirement, pension, or insurance plan, which is not a subterfuge to evade the purposes of this Act." The plaintiff in his brief relied heavily on *McMann v. United Air Lines*, 542 F.2d 217 (4th Cir. 1976), for its construction of § 623(f)(2). Subsequent to the submission of briefs, but before oral argument, the United States Supreme Court reversed *McMann*.

In *United Air Lines, Inc. v. McMann*, —— U.S. ——, ——, 98 S.Ct. 444, 54 L.Ed.2d 402 (1977), the Court held that a bona fide retirement plan which was in effect before the ADEA cannot be a subterfuge to evade the ADEA. The Court explained

---

* The Honorable William G. East, Senior District Judge, District of Oregon, is sitting by designation.

1. After the defendant filed its motion for summary judgment, the plaintiff filed Count II of his complaint which sought $15,000 severance pay. The district court's summary judgment order is limited to the ADEA count and thus the severance pay issue is not before us in this appeal. The district court directed entry of final judgment as to Count I pursuant to Fed.R. Civ.P. 54(b) and we assumed jurisdiction under 28 U.S.C. § 1291.

we find nothing to indicate Congress intended wholesale invalidation of retirement plans instituted in good faith before its [ADEA's] passage, or intended to require employers to bear the burden of showing a business or economic purpose to justify bona fide pre-existing plans as the Fourth Circuit concluded. In ordinary parlance, and in dictionary definitions as well, a subterfuge is a scheme, plan, stratagem or artifice of evasion. In the context of this statute, "subterfuge" must be given its ordinary meaning and we must assume Congress intended it in that sense.

—— U.S. at ——, 98 S.Ct. at 450. The *McMann* decision is dispositive of this appeal.[2]

In the present case, the plaintiff concedes that the defendant's pension plan was a bona fide plan and that when he was taken off the payroll he received retirement benefits pursuant to this bona fide plan. Furthermore, there is no dispute over the fact that the defendant's plan was in effect before the enactment of the ADEA. We, therefore, hold that the district court accurately anticipated the Supreme Court's construction of the ADEA and properly granted the defendant's motion for summary judgment.

The plaintiff argued alternatively that even if the retirement plan was not used as a subterfuge to avoid the purposes of the ADEA, the district court erred in granting summary judgment because there remained a question of fact as to whether the dis-

charge/retirement violated the ADEA. We find no merit in this argument after *McMann*.[3]

AFFIRMED.

---

2. Subsequent to the Supreme Court decision in *McMann*, that Court denied certiorari in *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834 (3d Cir. 1977), *cert. denied*, —— U.S. ——, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978), and *Zinger v. Blanchette*, 549 F.2d 901 (3d Cir. 1977), *cert. denied*, —— U.S. ——, 98 S.Ct. 717, 54 L.Ed.2d 750 (1978), both of which involved involuntary early retirement pursuant to bona fide pension plans as was involved in the case before us. During oral argument, the plaintiff's counsel conceded that for purposes of an ADEA violation no meaningful distinction could be drawn between involuntary early retirement as occurred in *Rogers, Zinger*, and the instant case and mandatory retirement at a specific age as occurred in *McMann*.

3. The plaintiff cited *Wilson v. Sealtest Foods Division of Kraftco Corp.*, 501 F.2d 84 (5th Cir. 1974), and *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834 (3d Cir. 1977), *cert. denied*, —— U.S. ——, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978). Neither case supports the plaintiff's argument. *Wilson* did not involve involuntary retirement pursuant to a bona fide retirement plan under § 623(f)(2). The portion of the *Rogers* opinion cited by the plaintiff dealt with pre-retirement discrimination on the basis of age, an issue not raised by the plaintiff in this case. Indeed, the relevant portions of *Rogers* which address the proper interpretation of § 623(f)(2) are consistent with and support the defendant's position.