Raphaella C. MORTON, Plaintiff,

v.

## SHEBOYGAN MEMORIAL HOSPITAL, Defendant.

### No. 77–C–14.

United States District Court,
E. D. Wisconsin.

Oct. 23, 1978.

---

Robert E. Gratz, Goldberg, Previant & Uelmen, Milwaukee, Wis., for plaintiff.

Carolyn C. Burrell, Foley & Lardner, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

The plaintiff, Raphaella C. Morton, commenced this action in the United States District Court for the Eastern District of Wisconsin, alleging that she was terminated from her employment with defendant, Sheboygan Memorial Hospital, in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621. The defendant has filed a motion for summary judgment, or in the alternative, for partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

■ Summary judgment is only appropriate when the pleadings, affidavits, depositions and other documents filed in the case show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

The ADEA requires that the complainant prove the employer discharged him or her because of such individual's age. Section 623(a) of 29 U.S.C. provides:

> It shall be unlawful for an employer—(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

The undisputed facts are as follows. Plaintiff was hired by defendant on February 26, 1971 as a medical records clerk. On March 3, 1976, to permit time for recuperation from a planned surgical operation, plaintiff filed a request for leave of absence from April 2, 1976 to April 26, 1976 in conjunction with a scheduled vacation from March 10, 1976 to April 1, 1976. Thus her last day of work before the operation was March 9, 1976. On May 4, 1976, the plaintiff completed a form requesting an extension of her leave from April 26, 1976 to May 17, 1976. At this time, plaintiff's supervisor also approved a vacation from May 17, 1976 to June 4, 1976 for the plaintiff. The following statement was contained in both of the request forms signed by plaintiff and granted by the defendant.

> An employee who returns following a leave of absence retains his seniority and fringe benefits and will return to his previous position provided that:
> a) The position still exists.
> b) The position remains open.
> c) The employee is capable of returning to the position.

If it is not possible to restore the employee to his previous position, every effort will be made to place him in a position which is comparable.

On March 23, 1976, Cynthia Gries, who was also employed by defendant, was transferred to the Medical Records Department to fill the position previously held by the plaintiff. On May 21, 1976, plaintiff was notified by letter that her employment with the defendant had been terminated based on defendant's leave of absence policy.

Plaintiff alleges that the defendant discriminated against her on the basis of her age. She asserts that: 1) she was discharged; 2) at the time of her discharge, she was in the group protected by law (ages 40–65); 3) that she was replaced by a younger person; and 4) she was a satisfactory and qualified employee.

It is undisputed that plaintiff was 43 years old at the time of her discharge and that she was replaced by a 20 year old woman. There is, however, disagreement on the material issues of good cause and nondiscriminatory discharge.

On the issue of good cause, plaintiff stated in her deposition that her supervisor, Marge Huibregtse, informed her that she was doing a good job. Defendant disagreed and stated in a deposition that it was never their intention to reemploy the plaintiff in her original position because of the quality of her work which resulted in patient complaints.

In furtherance of its argument that the reason for discharge was nondiscriminatory, defendant alleges that the discharge was in conformity with its leave of absence policy. In supporting this argument, defendant states that plaintiff was offered another job with the defendant on March 1, 1977 and rehired on June 13, 1977. Plaintiff asserts that in the period following her discharge and the time she was rehired (May 18, 1976 to June of 1977), a great number of clerical employees were hired into positions for which she was fully qualified. Plaintiff believes this is in direct conflict with the defendant's leave of absence policy.

In addition, in support of her position that the defendant's actions were discriminatory, plaintiff argues that she was terminated on May 18, 1976, which the record clearly shows occurred during her approved vacation time. The record shows that plaintiff's vacation began May 17, 1976 and ended on June 4, 1976. Plaintiff contends that the defendant's leave of absence policy is not applicable to approved vacation time earned by the employee. "The basis of approved leave of absence is illness, maternity absence, education related to one's profession or other justified personal reasons not covered by vacation, sick leave, or time off."

In defendant's reply brief, it is argued that, although plaintiff was terminated one day after her leave of absence expired, it was during the period when she was not yet released by her doctor to return to work. The discharge was effective May 18, 1976 and she was not permitted by her doctor to return to work until May 24, 1976.

In *Wilson v. Sealtest Foods Division of Kraftco Corp.*, 501 F.2d 84 (5 Cir. 1974), the court denied a motion for a directed verdict in an ADEA case. The court there stated, "The ADEA requires that the complainant prove the employer discharged him or her because of such individual's age." *Id.* at 86.

In this case, plaintiff's deposition contains her statement that she was: 1) discharged; 2) in the age group protected by the Act (43 years old); 3) replaced by a younger person; and 4) advised by her supervisor that she was doing satisfactory work. The defendant states in a deposition that there was good cause to discharge the plaintiff due to the fact her work was unsatisfactory. This Court, after review and in light of the preceding discussion, holds that there is a genuine issue as to defendant's reason for dismissal and as to the effect of defendant's leave of absence policy on that issue. Therefore, defendant's motion for summary judgment must be denied.

## ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiff alleges that she has suffered serious personal and economic injury includ-

ing, but not limited to, loss of employment income, loss of various insurance benefits, reduction in Social Security benefits, loss of future earning opportunity, loss of enjoyment of life, emotional trauma and embarrassment, humiliation, pain and suffering. The defendant submits that compensatory damages for pain and suffering are not available under the ADEA. The defendant relies on the decision of the Third Circuit Court of Appeals in *Rogers v. Exxon Research and Engineering Co.*, 550 F.2d 834 (3rd Cir. 1977), which held that damages for pain and suffering were not appropriate under the Act.

The applicable provisions of the Statute, 29 U.S.C. § 626(b), provide for various remedies, including the following:

In any action brought to enforce this Act the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this Act, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

After careful research, this Court finds that neither the United States Supreme Court nor the Seventh Circuit Court of Appeals have determined this legal issue, and the other two courts in this district in *Jaeger v. American Cyanamid Co.*, 442 F.Supp. 1270 (E.D.Wis.1978) and *Buchholz v. Symons*, 445 F.Supp. 706 (E.D.Wis.1978) have split in their interpretations. This Court must, therefore, make its own analysis.

▮ The purpose of the ADEA is set forth in 29 U.S.C. § 621(b) and provides that the ADEA was enacted, "to help employers and workers find ways of meeting problems arising from the impact of age on employment." While the statute, 29 U.S.C. § 626(b) enumerates several remedies, this Court finds that the list is not exclusive. This Court is particularly persuaded by section 626(c) which empowers a court to provide any appropriate legal or equitable remedy. "Any person aggrieved may bring a civil action in any court of competent juris-

diction for such legal or equitable relief as will effectuate the purposes of this chapter." Thus, this Court holds that damages for pain and suffering, although not enumerated under section 626(b), are an appropriate form of relief under the Age Discrimination Employment Act.

Therefore, in light of the following, the defendant's motions for summary judgment and partial summary judgment must be and hereby are denied.