**Edwin K. MARSON, Plaintiff,**

v.

**JONES & LAUGHLIN STEEL CORPORATION, Defendant.**

**Civ. A. No. 76–C–493.**

United States District Court, E. D. Wisconsin.

July 17, 1980.

Ross R. Kinney, Quarles & Brady, Milwaukee, Wis., for plaintiff.

Ralph A. Morris, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

*DECISION and ORDER*

TERENCE T. EVANS, District Judge.

Pending in this four year old Age Discrimination action is plaintiff's recent motion for leave to amend his complaint.

Plaintiff states that "subsequent to the interposition of the initial complaint in this action on or about July 12, 1976, there have been several important developments that mandate that amendments be accomplished at this juncture." In addition, plaintiff's comprehension of the "quantum of damages" due him has been clarified by his "employment experiences during the period subsequent to the commencement of this action." Plaintiff's memorandum, filed March 26, 1980, p. 1. Plaintiff seeks to add allegations that his severance was part of a corporate-wide " * * * severance of employees (hundreds of employees) engaged in by Jones & Laughlin knowingly and in bad faith even though it recognized that many, if not most, of the proposed severances would run afoul of the Age Discrimination commandment." Plaintiff's memorandum, supra, p. 2. Plaintiff seeks to amend the "Wherefore" clause to add claims for liquidated damages in the maximum amount authorized by law and punitive damages in the amount of five million dollars.

In the court's view, the amendment seeks to clarify that plaintiff alleges willfulness on the part of Jones & Laughlin, which under the statute gives rise to a claim for liquidated double damages. 29 U.S.C. § 626(b). The amendment also seems to attempt to set forth allegations of a corporate-wide force-reduction undertaken in bad faith and aimed at older employees. The force reduction is apparently the basis for the punitive damage claim.

Some courts have allowed claims for punitive damages. See *Murphy v. American Motors Sales Corp.*, 410 F.Supp. 1403 (D.C. Ga.1976); *Walker v. Pettit Construction Co.*, 437 F.Supp. 730 (D.C.S.C.1977). However, a greater number of cases hold that punitive damages are not recoverable under the ADEA. See *Ellis v. Philippine Airlines*, 443 F.Supp. 251 (D.C.Cal.1977); *Looney v. Commercial Union Assurance Co.*, 428 F.Supp. 533 (D.C.Mich.1977). Because the statute itself includes a built-in punishment for willful discrimination, the goal of punitive damages is satisfied. The better reasoned cases, in this court's opinion, reject punitive damages.

Plaintiff's counsel, Quarles & Brady— though having submitted an inordinately long brief * —points to no Seventh Circuit or U. S. Supreme Court cases supporting plaintiff's position. The cases from the Eastern District of Wisconsin cited by plaintiff address the question of damages for pain and suffering, not punitive damages. See *Jaeger v. American Cyanamid Co.*, 442 F.Supp. 1270 (E.D.Wis.1978) (Judge Reynolds); *Buchholz v. Symons*, 445 F.Supp. 706 (E.D.Wis.1978) (Judge Gordon); and *Morton v. Sheboygan Memorial Hospital*, 458 F.Supp. 804 (E.D.Wis.1978) (Judge Warren). They are not persuasive on this issue.

In this case, nearly four years after the original complaint was filed, plaintiff seeks to add a multi-million dollar punitive claim, the propriety of which involves an unsettled point of law. An amendment of this magnitude at this time would substantially prejudice the defendant and will not be allowed. See Wright and Miller, Federal Practice and Procedure, Civil § 1484, pp. 420, 421. The request to amend and include a simple willfulness claim does not present the same problems and will be permitted.

The court is aware that discovery motions are also pending. At a status conference on May 30, 1980, the parties were ordered to summarize for the court all discovery problems and disputes that continue to exist in the action. When the submissions are received and reviewed, appropriate action will be taken.

IT IS THEREFORE ORDERED that plaintiff's proposed amended complaint insofar as it includes a claim for willful violations and liquidated damages under the Age Discrimination in Employment Act be filed. The defendant upon service, need not formally answer the new claim, its contents being deemed controverted by the court.

IT IS FURTHER ORDERED that the motion to amend the complaint to allow a claim for punitive damages is denied.

---

* (1) The story of the creation of the world is told in the book Genesis in 400 words; (2) The world's greatest moral code, the Ten Commandments, contains only 279 words; (3) Lincoln's immortal Gettysburg address is but 266 words in length; (4) The Declaration of Independence required only 1,321 words to establish for the world a new concept of freedom. Together, the four contain a mere 2,266 words. On this routine motion to amend a civil complaint, Quarles & Brady has filed a brief (not the primary one, just a reply brief) that contains approximately 41,596 words spread over an agonizing 124 pages. In this case, the term reply "brief" is obviously a misnomer. Rather than impressive, the "brief" is oppressive. It points to the need for considering the adoption of a local rule limiting the number of pages counsel may fill with written argument on pretrial motions.