■ STATE DIVISION OF HUMAN RIGHTS, Respondent, v. GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., Petitioner.— Determination and order unanimously modified in accordance with memorandum, and as modified confirmed, without costs. Memorandum: Under section 298 of the Executive Law, A & P argues that the complaint should be dismissed because the division did not determine the question of jurisdiction and probable cause nor hold a hearing and make a final determination within the time periods provided by section 297 of the Executive Law. Complainant, 59 years of age, had been employed by A & P continuously from 1930. Since 1936 he had managed several stores for the food chain. On September 20, 1971, in consequence of his age, he was forced to accept early retirement. Three days later he filed a complaint alleging discrimination. On December 3, 1971 the division determined after " investigation " that there was probable cause to recommend a public hearing. A & P filed an answer on February 15, 1972 denying the allegations. The hearing commenced on April 20, 1972 and concluded on July 18, 1972. A & P then affirmatively waived the 20-day requirement for the commissioner's determination by requesting 30 days to submit a brief after the transcript had been prepared. A month and a half was required to prepare almost 900 pages of transcript with numerous exhibits. The commissioner was entitled to sufficient time to review the charges and evidence presented. The order and decision were served on December 19, 1973. Among other provisions it contained a finding that A & P had discriminated against complainant because of his age and awarded him significant relief, requiring the employer to make him whole for the actual financial loss he had sustained and to offer him reinstatement to his previous position as a store manager. The record contains substantial evidence supporting the finding of discrimination. On January 2, 1974 A & P filed a notice of appeal and thereafter requested and received a 30-day adjournment from the board, over the objection of complainant. On March 25, 1974 the appeal was argued and on

June 7, 1974 the decision and order were affirmed by the appeal board. In appropriate instances the failure to act expeditiously in the processing of a complaint laid before the division or under review by the appeal board may result in dismissal of the complaint (*Hillside Housing Corp.* v. *State Div. of Human Rights,* 44 A D 2d 539; *State Div. of Human Rights* v. *Rinas,* 42 A D 2d 388). However, the time provisions of section 297 of the Executive Law are directory, not mandatory (*Matter of 121–129 Broadway Realty* v. *New York State Div. of Human Rights,* 43 A D 2d 754; *Matter of Moskal* v. *State of New York, Executive Dept., Div. of Human Rights,* 36 A D 2d 46, 49) and the present case is not an appropriate one for dismissal in consequence of the public agency's delinquency. The employer has demonstrated no unconscionable delay and has shown no actual, substantial prejudice suffered by it. To the contrary, the employer contributed to the delay by requesting and consenting to adjournments by waiving the time requirement for the determination after hearing. Nor did the employer make timely objection to the division's delay in finding probable cause and serving notice of the hearing date; instead A & P waited until after the commissioner had made a determination against A & P on the merits to object (cf. *Irish* v. *Securities & Exchange Comm.,* 367 F. 2d 637, cert. den. 386 U. S. 911). A dismissal of the complaint at this time would also inflict egregious, undeserved wrong on the complainant, whose unlawful, discriminatory discharge has been demonstrated by substantial evidence, who made almost immediate complaint to the division and who was utterly without responsibility for, or control over, the agency's procrastination. Such a result — visiting upon the complainant the sins of the administrative body — would, under the facts of this case, be repugnant to the purposes of the Human Rights Law (Executive Law, § 290; *Union Free School Dist. No. 6, Islip* v. *State Div. of Human Rights,* 35 N Y 2d 371). In these circumstances the findings of the division should not be overturned where supported by substantial evidence (*Matter of Holland* v. *Edwards,* 307 N. Y. 38). However, the evidence supports only the finding of discrimination by the Buffalo division, and not by the company at the national level. Accordingly, the commissioner's finding Number 10 should be amended to read " the Buffalo division's policy " rather than " the Company's policy "; and the commissioner's order Number 6 should be modified by inserting in the first sentence, after the word " agents ", the phrase of " of the Buffalo division ", so as to read: " all its supervisory employees, representatives and agents of the Buffalo division ". We see no reason to disturb the award in the amount of $500 as compensatory damages for humiliation and mental suffering (*Batavia Lodge No. 196, Loyal Order of Moose* v. *New York State Div. of Human Rights,* 35 N Y 2d 143). (Application pursuant to section 298 of the Executive Law, to reverse order finding discrimination.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Del Vecchio, JJ.