■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of JOSIAH OSUWAGU, Petitioner, v COUNTY OF ONONDAGA et al., Respondents.—Determination unanimously confirmed, without costs. Memorandum: In 1972 petitioner and respondent entered into a conciliation agreement in settlement

of petitioner's complaint of unlawful employment discrimination. Respondent agreed to use its "best efforts" to locate employment for the petitioner; to this end, respondent sent petitioner's resumé along with a cover letter to 44 different agencies and organizations covering a broad geographical area. Petitioner thereafter filed a complaint with the State Division of Human Rights in which he asserted that the efforts used by respondent were not its "best efforts" pursuant to the terms of the conciliation agreement and, therefore, respondent had breached that agreement. The State Division held that respondent did not violate the agreement and the New York State Human Rights Appeal Board, by an equally divided vote, affirmed the finding. Petitioner seeks judicial review of that determination. Section 298 of the Executive Law provides that "The findings of facts on which such order [of the appeal board] is based shall be conclusive if supported by sufficient evidence on the record considered as a whole." The question is not whether the record would "convince" one of the facts found but whether on the record a reasonable man "might" make the finding involved *(Matter of Tompkins v Board of Regents of Univ. of State of N. Y.,* 299 NY 469). The determination of the State Division was neither arbitrary nor capricious. The efforts of the respondent were closely supervised by the State Division and the record supports the determination that under the facts of this case these efforts constituted "best efforts" pursuant to the terms of the conciliation agreement. (Proceeding pursuant to Executive Law, § 298 to review determination dismissing complaint.) Present—Moule, J. P., Simons, Mahoney, Goldman and Witmer, JJ.