■ State Division of Human Rights, Respondent, v Clarence Precision Machine and Tool, Division of Willick Industries, Petitioner.— Determination unanimously confirmed, with costs, and petition dismissed; cross motion for order of enforcement granted. Memorandum: Petitioner seeks a review of an order of the Human Rights Appeal Board which affirmed a decision and order of the Commissioner of Human Rights finding that petitioner had engaged in unlawful discrimination against Betty Keehn and requiring payment to her of $500 in compensatory damages. In response to an ad in a local newspaper, Betty Keehn went to the office of petitioner to seek employment. She told the secretary-receptionist that she wanted production work and was applying for the job of automatic chucker operator. The receptionist, who is the daughter of the president of the corporation,

told her that they did not have restroom facilities for women and that it was an all male shop. The complainant left and subsequently filed a complaint with the State Division of Human Rights. The commissioner found and the appeal board affirmed that on these facts petitioner had engaged in a discriminatory practice against complainant on the basis of her sex. Inasmuch as such finding is supported by sufficient evidence on the record as a whole, it is conclusive and we lack authority to disturb it. (*City of Schenectady v State Div. of Human Rights,* 37 NY2d 421, 424; see, also, *Matter of Mize v State Div. of Human Rights,* 33 NY2d 53; *State Div. of Human Rights v County of Onondaga,* 50 AD2d 716; Executive Law, § 298.) The award of compensatory damages was within the authority of the commissioner (Executive Law, § 297, subd 4, par c) and is consistent with the State's strong antidiscrimination policy (see *Batavia Lodge No. 196, Loyal Order of Moose v State Div. of Human Rights,* 35 NY2d 143; *State Div. of Human Rights v Great Atlantic & Pacific Tea Co.,* 46 AD2d 1001, mot for lv to app den 36 NY2d 641). "We see no reason to disturb the award in the amount of $500 in compensatory damages for humiliation and mental suffering". (*State Div. of Human Rights v Great Atlantic & Pacific Tea Co., supra,* p 1002). (Proceeding pursuant to Executive Law, § 298.) Present— Marsh, P. J., Dillon, Hancock, Jr., Denman and Witmer, JJ.