**Dorothy Ruth RIDDLE, Plaintiff,**

v.

**GETTY REFINING AND MARKETING COMPANY, a Foreign Corporation, Defendant.**

No. 78–C–350–C.

United States District Court,
N. D. Oklahoma.

Nov. 27, 1978.

---

John F. McCormick, Jr., Floyd L. Walker, Walker, Jackman & Associates, Tulsa, Okl., for plaintiff.

Mary T. Matthies, Matthies & Associates, Tulsa, Okl., for defendant.

### ORDER

COOK, District Judge.

Plaintiff herein was formerly employed by the defendant. She alleges that the defendant wrongfully terminated her employment, and in part seeks to recover therefor under the Age Discrimination in Employment Act of 1967, as amended (ADEA), 29 U.S.C. §§ 621, *et seq.* Now before the Court is the defendant's Motion to Strike plaintiff's prayer under ADEA for punitive damages, and for damages for "embarrassment, humiliation, and mental anguish."

The plaintiff contends that punitive damages and damages for mental anguish are recoverable under ADEA. The pertinent provisions are found in Title 29 U.S.C. § 626(b), (c) which provide in part as follows:

"(b) . . . Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided,* That liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section.

. . .

(c) Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter . . ."

The courts that have decided this question are not in agreement. In *Kennedy v. Mountain States Tel. & Tel. Co.,* 449 F.Supp. 1008 (D.Colo.1978), the court held that punitive damages were recoverable. In *Combes v. Griffin Television, Inc.,* 421 F.Supp. 841 (W.D.Okl.1976), and *Bertrand v. Orkin Exter. Co.,* 432 F.Supp. 952 (N.D. Ill.1977), the courts held that damages for physical pain or mental suffering were recoverable. In *Murphy v. American Motors Sales Corp.,* 570 F.2d 1226 (5th Cir. 1978), *Dean v. American Security Ins. Co.,* 559 F.2d 1036 (5th Cir. 1977), and *Hannon v. Continental Nat'l Bank,* 427 F.Supp. 215 (D.Colo.1977), the courts concluded that punitive damages were not recoverable under ADEA. *Hannon* and *Dean* as well as *Rogers v. Exxon Research & Eng. Co.,* 550 F.2d 834 (3rd Cir. 1977) all hold that damages for emotional distress or pain and suffering are not recoverable under ADEA.

Much of the controversy has centered about the proper application of the term "legal or equitable relief" found in Section 626(b), (c). For example, in *Kennedy, supra,* the court held that Congress must have intended the words "legal relief" to carry their ordinary meaning, and since punitive damages are a form of "legal relief," the court concluded that they are an available remedy under ADEA. 449 F.Supp. at pp. 1010–11. On the other hand, the courts in *Dean,* and *Rogers, supra,* held that the inclusion of the words "legal relief" in Section 626 were not determinative of the question. Both courts regarded Congress' silence with respect to punitive damages and damages for emotional distress as significant. They

also felt that the availability of such damages would frustrate the method favored by Congress for enforcement of the provisions of ADEA, that is, administrative conciliation and mediation. 559 F.2d at pp. 1038–40; 550 F.2d at pp. 840–42. The *Bertrand* court was impressed by the fact that Congress failed to put express limits on the term "legal relief" and accordingly found such relief to include damages for pain and suffering. 432 F.Supp. at pp. 954, 956.

Section 626 was recently amended by Congress. Pub.L.95–256, April 6, 1978, 92 Stat. 190, 191. Among other things, persons bringing an action under Subsection (c), *supra*, were given a right to trial by jury. The conference agreement on that particular amendment clearly demonstrates that Congress does not intend punitive damages and damages for emotional distress or mental anguish as available remedies under ADEA.

"The House recedes with an amendment which provides for a jury trial on any issue of fact in an action for recovery of amounts owing as a result of a violation of the ADEA. Under section 7(b), which incorporates the remedial scheme of sections 11(b), 16 and 17 of the FLSA, 'amounts owing' contemplates two elements: First, it includes items of pecuniary or economic loss such as wages, fringe, and other job-related benefits. Second, it includes liquidated damages (calculated as an amount equal to the pecuniary loss) which compensate the aggrieved party for nonpecuniary losses arising out of a willful violation of the ADEA.

The Supreme Court recently ruled that a plaintiff is entitled to a jury trial in ADEA actions for lost wages, but it did not decide whether there is a right to jury trial on a claim for liquidated damages. *Lorillard v. Pons*, [434 U.S. 575,] 98 S.Ct. 866, [55 L.Ed.2d 40] (1978). Because liquidated damages are in the nature of legal relief, it is manifest that a party is entitled to have the factual issues underlying such a claim decided by a jury. The ADEA as amended by this act does not provide remedies of a punitive nature.

The conferees therefore agree to permit a jury trial on the factual issues underlying a claim for liquidated damages because the Supreme Court has made clear that an award of liquidated damages under the FLSA is not a penalty but rather is available in order to provide full compensatory relief for losses that are 'too obscure and difficult of proof for estimate other than by liquidated damages.' *Overnight Transportation Company v. Missel*, 316 U.S. 572, 583–84, [62 S.Ct. 1216, 86 L.Ed. 1682] (1942)." House Conference Report No. 95–950, 1978 U.S.Code Cong. & Admin.News pp. 504, 528, 535.

This statement and the case of *Lorillard v. Pons*, 434 U.S. 575, 583, 98 S.Ct. 866, 871, 55 L.Ed.2d 40 (1978), cited therein, demonstrate that "legal relief" refers to the "unpaid minimum wages or unpaid overtime compensation" and "liquidated damages" categories of relief under Section 626(b). These recent developments provide a definitive resolution of the previous conflict between the courts on this question.

For the foregoing reasons, it is therefore ordered that defendant's Motion to Strike is hereby sustained.

It is so Ordered this 27th day of November, 1978.