**David C. STEVENSON, Plaintiff,**

v.

**J. C. PENNEY CO., Defendant.**

**No. 78 C 3790.**

United States District Court,
N. D. Illinois, E. D.

Feb. 15, 1979.

Ernest T. Rossiello, Ellen F. Weiss, Ernest T. Rossiello & Associates, P. C., Chicago, Ill., for plaintiff.

P. Kevin Connelly, Lederer, Reich, Sheldon & Connelly, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

### Motion to Strike

MAROVITZ, Senior District Judge.

Plaintiff David C. Stevenson brings this action under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 *et seq.*, against defendant J. C. Penney Co. Plaintiff alleges, *inter alia,* that on June 8, 1978, defendant willfully discharged plaintiff from employment because of his age. Plaintiff seeks, (1) an order compelling defendant to re-instate plaintiff to his former position; (2) to enjoin defendant from violating the ADEA; (3) an order *pendente lite* reinstating plaintiff to his former position; (4) an award of all back pay, liquidated damages and attorney's fees; (5) a judgment of $100,000.00 for mental suffering; (6) $100,000.00 in punitive damages; and (7) any other legal or equitable relief to effectuate the purposes of the ADEA.

Pending before the Court is defendant's motion to strike plaintiff's prayer for punitive damages and damages for mental suffering. Rule 12(f), Fed.R.Civ.P. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 626(c). For the reasons set forth below, defendant's motion is granted.

For the purposes of this motion, the alleged facts are not in dispute. Plaintiff alleges that on June 8, 1978, defendant willfully and intentionally discharged him from his position of employment because of his age. At the time of his discharge, plaintiff was 54 years old. At the time of his discharge, plaintiff's salary was $294.00 per week. Plaintiff further alleges that since and because of his discharge, he has suffered extreme diminution of morale, anxiety, nervousness and other psychological problems.

## I.

The question before this Court is whether a plaintiff can recover punitive damages and damages for mental suffering under the ADEA. There is conflict among the Circuits on this question, and among different courts of the same Districts. The majority of the courts have held that an ADEA plaintiff cannot recover punitive damages in a private action against an employer. *See, e. g., Murphy v. American Motors Sales Corp.,* 570 F.2d 1226 (5th Cir. 1978); *Dean v. American Security Ins. Co.,* 559 F.2d 1036 (5th Cir. 1977); *Rogers v. Exxon Research & Engineering Co.,* 550 F.2d 834 (3d Cir. 1977), *cert. denied* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978); *Looney v. Commercial Union Assur. Companies,* 428 F.Supp. 533 (E.D.Mich.1977); *Fellows v. Medford Corp.,* 431 F.Supp. 199 (D.Or.1977); *Hannon v. Continental National Bank,* 427 F.Supp. 215 (D.Colo.1977); *Sant v. Mack Trucks, Inc.,* 424 F.Supp. 621 (N.D.Cal.1976); *Platt v. Burroughs Corp.,* 424 F.Supp. 1329, 1338 (E.D.Pa.1976).

*But see contra, Kennedy v. Mountain States Tel. & Tel. Co.,* 449 F.Supp. 1008 (D.Colo.1978); *Murphy v. American Motors Sales Corp.,* 410 F.Supp. 1403 (D.Ga.1976)

rev'd 570 F.2d 1226 (5th Cir. 1978); *Rogers v. Exxon Research & Engineering Co.*, 404 F.Supp. 324 (D.N.J.1975) *rev'd* 550 F.2d 834 (3d Cir. 1977), *cert. denied* 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978).

A majority of the courts have also held that an ADEA plaintiff may not recover damages for mental suffering as the result of an unlawful and willful discharge. *See, e. g., Dean v. American Security Ins. Co., supra; Looney v. Commercial Union Assur. Companies, supra; Fellows v. Medford Corp., supra; Hannon v. Continental National Bank, supra; Sant v. Mack Trucks, Inc., supra; Platt v. Burroughs Corp., supra; Van Hoomissen v. Xerox Corp.*, 368 F.Supp. 829 (N.D.Cal.1973).

*But see contra, Combes v. Griffin Television*, 421 F.Supp. 841 (W.D.Okl.1976).

Neither the Supreme Court nor the Seventh Circuit Court of Appeals has yet addressed the issue. At least three judges of this District, however, have followed the minority position, as expressed by Judge Stern in *Rogers v. Exxon Research & Engineering Co.*, 404 F.Supp. 324, *supra*, and have allowed claims for both punitive damages and damages for mental suffering. *Lo Cascio v. Teletype Corp.*, 74 F.R.D. 108 (N.D.Ill.1977) (Marshall, J.) (*dicta*); *Bertrand v. Orkin Exterminating Co., Inc.*, 419 F.Supp. 1123 (N.D.Ill.1976) (Decker, J.) (addressing only the question of compensatory damages for mental suffering); *Karijolic v. Illinois Bell Telephone Co.*, 77 C 1951 (N.D.Ill. October 26, 1977) (McGarr, J.).

We also note that in a recent decision, Judge Warren of the Eastern District of Wisconsin allowed a claim for mental suffering. *Morton v. Sheboygan Memorial Hospital*, 458 F.Supp. 804 (E.D.Wis.1978). The *Morton* court noted, however, that there is a split on the question in its own District. Compare *Jaeger v. American Cyanamid Co.*, 442 F.Supp. 1270 (E.D.Wis. 1978) with *Buchholz v. Symons*, 445 F.Supp. 706 (E.D.Wis.1978).

## II.

§ 7(b) of the ADEA, 29 U.S.C. § 626(b), provides:

"The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Any act prohibited under section 623 of this title shall be deemed to be a prohibited act under section 215 of this title. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title: *Provided*; That *liquidated damages shall be payable only in cases of willful violations of this chapter. In any action brought to enforce this chapter the court shall have jurisdiction to grant such legal or equitable relief as may be appropriate to effectuate the purposes of this chapter*, including without limitation judgments compelling employment, reinstatement or promotion, or enforcing the liability for amounts deemed to be unpaid minimum wages or unpaid overtime compensation under this section. Before instituting any action under this section, the Secretary shall attempt to eliminate the discriminatory practice or practices alleged, and to effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion." (Emphasis added).

§ 7(c) of the ADEA, 29 U.S.C. § 626(c) provides in pertinent part:

"Any person aggrieved may bring a civil action in any court of competent jurisdiction for *such legal or equitable relief* as will effectuate the purposes of this chapter: . . ." (Emphasis added).

The conflict in the interpretation of the statute results primarily from application of the phrase "legal or equitable relief." In *Kennedy v. Mountain States Tel. & Tel. Co., supra*, for example, the court concluded that Congress must have intended the phrase to carry its ordinary meaning. Because punitive damages are a form of "legal relief," the court held that such damages are a remedy contemplated by the ADEA.

The most persuasive policy argument against such an interpretation, however, goes to one express purpose of the ADEA. As reflected by § 7(b) of the ADEA, 29 U.S.C. § 626(b), Congress sought to "effect voluntary compliance with the requirements of this chapter through informal methods of conciliation, conference, and persuasion." Some courts fear that the possibility of a plaintiff recovering traditional tort awards, should he or she pursue litigation, would dissuade good faith negotiations. As one court stated, the threat of large mental suffering recoveries would aid conciliation as much as if "the alleged discriminatee was permitted to enter the conference room armed with a blackjack and a 45 caliber revolver." *Platt v. Burroughs Corp., supra* at 1337. In accord, *Sant v. Mack Trucks, Inc., supra; Rogers v. Exxon Research and Engineering Co., supra.*

On the other hand, a minority of the courts, particularly the courts of this District, have found the language of Judge Stern in *Rogers* a persuasive and compassionate argument for allowing both punitive damages and damages for mental suffering in cases of willful ADEA violations. Judge Stern's observations reflect the sentiments of this Court:

> "In measuring the wrong done and ascertaining the appropriate remedy here, the Court is aware that the most pernicious effect of age discrimination is not to the pocketbook, but to the victim's self-respect. As in this case, the out-of-pocket loss occasioned by such discrimination is often negligible in comparison to the physiological and psychological damage caused by the employer's unlawful conduct." *Rogers v. Exxon Research & Engineering Co., supra,* 404 F.Supp. at 329.

However, in reversing the district court decision in *Rogers,* the Court of Appeals for the Third Circuit noted:

> "Although involuntary retirement after lengthy service may be a traumatic experience for an employee, statutory silence circumscribes the relief that can be obtained." *Rogers, supra,* 550 F.2d at 836.

The divergence in interpretations of the remedies provision of the ADEA can be attributed to some extent to the lack of legislative history discussing the parameters of legal relief contemplated by Congress. The legislative history concerning § 7(c) of the 1967 Act, 29 U.S.C. § 626(c), does little more than repeat the crucial language of the statute. See, 2 *U.S.Code Cong. & Admin. News,* 90th Cong., 1st Sess., pp. 2222–23 (1967).

§ 7(c) of the ADEA, 29 U.S.C. § 626(c), however, was recently amended by Congress. In line with the Supreme Court's decision in *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), the statute now explicitly gives plaintiffs under the Act the right to a jury trial. Although the language of the remedies provision was left substantively unchanged, the conference committee report makes it clear that Congress does not intend damages for mental suffering nor punitive damages to be available in an ADEA action:

> [Under the ADEA] 'amounts owing' contemplates two elements: First, it includes items of pecuniary or economic loss such as wages, fringe, and other job-related benefits. Second, it includes liquidated damages (calculated as an amount equal to the pecuniary loss) which compensate the aggrieved party for nonpecuniary losses arising out of a willful violation of the ADEA. . . .
>
> The ADEA as amended by this act does not provide remedies of a punitive nature. The conferees therefore agree to permit a jury trial on the factual issues underlying a claim for liquidated damages because the Supreme Court has made clear that an award of liquidated damages under the FLSA is not a penalty but rather is available in order to provide full compensatory relief for losses that are 'too obscure and difficult of proof for estimate other than by liquidated damages.' *Overnight Transportation Company v. Missel,* 316 U.S. 570, 583–84, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942).

H.R.Report No. 95–950, 95th Cong., 2d Sess. (March 14, 1978); see, *U.S.Code Congres-*

sional & Admin.News, 95th Cong., 2d Sess., pp. 504, 535 (1978). The 1978 amendments appear at Pub.L. 95–256, April 6, 1978, 92 Stat. 190, 191.

We find the conference committee report dispositive of the question of whether punitive damages and damages from mental suffering are available under the ADEA. "Committee reports are usually considered the most important documents in determining the legislative intent of Congress." J. Jacobstein & R. Mersky, *Fundamentals of Legal Research*, 166 (1977). Also see, *Zuber v. Allen*, 396 U.S. 168, 186, 90 S.Ct. 314, 324, 24 L.Ed.2d 345 (1969) ("A committee report represents the considered and collective understanding of those Congressmen involved in drafting and studying proposed legislation.").

The one court which had the assistance of the recent amendments and accompanying committee report concluded that " 'legal relief' refers to the 'unpaid minimum wages or unpaid overtime compensation' and 'liquidated damages' categories of relief under Section 626(b)." *Riddle v. Getty Refining & Marketing Co.*, 460 F.Supp. 678 (N.D.Okl. 1978). We agree with Judge Cook that "recent developments provide a definitive resolution of the previous conflict between the courts on this question."

*Ibid.*

We therefore hold that punitive damages and compensatory damages for mental suffering are not available legal remedies under the ADEA. Accordingly, defendant's motion to strike is granted.[1]

---

**1.** Subsequent to the drafting of this Memorandum Opinion, defendant submitted additional authority. In an unpublished but well reasoned opinion, Judge Bua of this District found that the conference committee report discussed above clearly indicates congressional intent to exclude punitive damages from the ADEA, and strongly "reinforces the notion that liquidated damages as provided under the Act are intended to be the sole measure of compensation for non-pecuniary loss." *Brin v. Bigsby and Kruthers*, 78 C 2892 (N.D.Ill. January 9, 1979) (Slip op. at p. 3).