Alice DEUTSCH, Plaintiff,

v.

CARL ZEISS, INC., Defendant.

No. 80 Civ. 3051 (JMC).

United States District Court,
S. D. New York.

Dec. 8, 1981.

Lane, Felcher, Kurlander & Fox, New York City (V. Pamela Davis, New York City, of counsel), for plaintiff.

Milbank, Tweed, Hadley & McCloy, New York City (John C. Maloney, Jr., New York City, of counsel), for defendant.

## MEMORANDUM AND ORDER

CANNELLA, District Judge:

Defendant's motion for summary judgment is denied. Fed.R.Civ.P. 56.

Defendant's motion to dismiss plaintiff's claim for physiological and psychological damages is granted. Fed.R.Civ.P. 12(b)(6).

### FACTS

Plaintiff Alice Deutsch commenced this action pursuant to the Age Discrimination in Employment Act ["ADEA"], 29 U.S.C. §§ 621–634, and New York's age discrimination statute, N.Y.Exec.Law §§ 296–301 (McKinney 1972 & Supp.1980), alleging that defendant Carl Zeiss, Inc. ["Zeiss"] unlawfully terminated her employment because of her age. In addition to seeking lost wages, pension rights and other job-related benefits, plaintiff seeks to recover damages for physiological and psychological harm which she claims she has suffered as a result of her termination.

Defendant hired plaintiff in November of 1972 as a bilingual secretary (English/German) at its Fifth Avenue office. On October 1, 1974, plaintiff was appointed secretary to Ernst Frahm, defendant's Order Service Manager. As Mr. Frahm's secretary, plaintiff was responsible for processing purchase orders for four departments at Zeiss—Photography, Electron Microscopes, Analytical Instruments and Industrial Measurement Equipment—and general office work. Plaintiff remained in this position until she was terminated on August 30, 1979.

Sometime in early 1979 defendant decided to relocate the Industrial Measurement department and "phase-out" the Analytical Instruments department, both of which plaintiff was responsible for servicing. As part of this reorganization process, defendant circulated a questionnaire asking employees if they would accept relocation, and their preferences in the event the company decided to leave New York City and relocate in another area. In her response, plaintiff stated a preference for Westchester County as opposed to Connecticut, Virginia or New Jersey.

In the summer of 1979, Zeiss finalized its decision to relocate the Industrial Measurement department and eliminate the Analytical Instrument department. As a result, the workload and responsibilities of the Order Service department were reduced and plaintiff's position as secretary was eliminated.

On August 30, 1979, defendant informed plaintiff that her position had been eliminated. Although defendant offered plaintiff a position in the relocated Industrial Measurement department, plaintiff declined the offer because she claims the daily commute would have entailed a five-hour round trip between Elmsford and her home in Syosset. Plaintiff asserts that she would have moved her home to Westchester if defendant had given her ample time to sell her house on Long Island and find a new residence in Westchester. She claims that all the executives involved in the relocation were given such an opportunity. Plaintiff asserts that she was the only person who was terminated by defendant as a result of the elimination and relocation of the two departments. She claims that all the other secretaries[1] affected by the reorganization were shifted to different departments within the Fifth Avenue office and that her age was the only reason she was not likewise reassigned. At the time, plaintiff was sixty-one years old.

Defendant denies plaintiff's allegations that her termination was based on age. Defendant argues that not only are plaintiff's comparisons to the other employees affected by the reorganization inaccurate but that defendant made substantial efforts to reassign plaintiff within the company. Defendant asserts that plaintiff was (1) offered a job in the relocated Industrial Measurement department, (2) interviewed for a position as secretary to the manager of another department, and (3) informed that there was an opening as a catalog clerk-typist in the Fifth Avenue office which plaintiff declined to pursue. Defendant also argues that as a matter of law, plaintiff cannot establish a prima facie case of age discrimination because she cannot prove that after she was terminated, her position remained open and her employer continued to seek applications from persons of the same qualifications.

## DISCUSSION

■ Defendant's motion for summary judgment must be denied because the Court believes that in a "reduction-in-force" case, such as the case at bar, to require a plaintiff to establish as a part of her prima facie case that the position she formerly held remained open after she was terminated would be inconsistent with the purpose of the ADEA. *See Douglas v. Anderson*, 656 F.2d 528, 532 n.4 (9th Cir. 1981); *Williams v. General Motors Corp.*, 656 F.2d 120, 127–28 (5th Cir. 1981); *Wade v. New York Telephone*, 500 F.Supp. 1170, 1174 (S.D.N.Y. 1980). To establish a prima facie case of age discrimination in the instant action plaintiff must (1) show that she was within the age group protected by the ADEA and that she was adversely affected by defendant's employment decision; (2) show that she was qualified to assume another position at the time of her discharge; and (3) produce evidence that the employer intend-

---

1. Plaintiff asserts that three other secretaries— Ursula Pikner, age 38, Vickie Burke, age 35, and Marlies Coronado, age 45—whose jobs were directly affected by the reorganization were reassigned within the Fifth Avenue office.

Plaintiff further asserts that defendant continued to accept applicants for secretarial positions and did in fact hire a number of secretaries at the Fifth Avenue office after she was terminated.

ed to discriminate in making the employment decision. *See Williams v. General Motors Corp., supra,* 656 F.2d at 129. *See also Marshall v. Arlene Knitwear, Inc.,* 454 F.Supp. 715, 723 (E.D.N.Y.1978).

Defendant does not contest the fact that plaintiff is a member of the class protected by the ADEA, or that plaintiff was adversely affected by defendant's employment decision. Moreover, because defendant admits that it interviewed plaintiff for another secretarial position and offered her employment in two other positions, the Court finds that plaintiff was qualified for another position at the time of her discharge. Finally, as explained below, the Court finds that there is sufficient circumstantial evidence to support a determination that defendant intended to discriminate when it terminated plaintiff.[2]

■ Viewing the facts and circumstances surrounding plaintiff's termination in a light most favorable to her, as the Court must do for the purposes of the instant motion, the Court finds that the logical inference to be drawn is that plaintiff was dismissed because of her age. *See Stanojev v. Ebasco Services, Inc.,* 643 F.2d 914, 924 (2d Cir. 1981); *Geller v. Markham,* 635 F.2d 1027, 1031 (2d Cir. 1980) ("Proof of discriminatory motive . . . can be inferred in some situations from the mere fact of differences in treatment.") (quoting *Teamsters v. United States,* 431 U.S. 324, 336 n.15, 97 S.Ct. 1843, 1844, 52 L.Ed.2d 396 (1977)). Plaintiff was the only employee in either of the two departments affected by the reorganization to be terminated. Furthermore, it appears that plaintiff was not accorded the same opportunities to relocate that were accorded to other employees. Therefore, the Court finds that plaintiff has

made out a prima facie case of age discrimination.

■ Defendant also argues that even if plaintiff has established a prima facie case, the inference of discrimination is effectively refuted because (1) defendant had a legitimate business reason for terminating plaintiff and (2) plaintiff refused to accept similar employment with defendant. Defendant contends that because it had a legitimate business reason for terminating plaintiff, she must prove that the proffered explanation for termination is unworthy of credence. *See Knight v. Nassau County Civil Service Commission,* 649 F.2d 157, 161 (2d Cir. 1981); *Goodman v. Heublein, Inc.,* 645 F.2d 127, 130 (2d Cir. 1981); *Needham v. Beecham,* 515 F.Supp. 460, 469 (D.Me. 1981). Although defendant is correct that plaintiff has the burden of disproving a legitimate business reason for termination, *see Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1091, 67 L.Ed.2d 207 (1981), the presence or absence of a legitimate business reason does not mean that a plaintiff has not made out a prima facie case of discrimination, *see Rohde v. K.O. Steel Castings, Inc.,* 649 F.2d 317, 322 (5th Cir. 1981). Moreover, the Court finds that there is a genuine question of material fact as to whether defendant had a reasonable business motive for terminating plaintiff, thereby making summary judgment inappropriate. *See generally Ombu v. Children's Television Workshop,* 516 F.Supp. 1055 (S.D.N.Y.1981); *Pirone v. Home Insurance Co.,* 507 F.Supp. 1281 (S.D.N.Y.1981).

■ The Court, however, agrees with defendant that plaintiff's claim for physiological and psychological damages must be dis-

---

**2.** Plaintiff has suggested that her case might proceed on a theory of disparate impact which would not require proof of discriminatory intent on the part of defendant. *See Goodman v. Heublein, Inc.,* 645 F.2d 127, 131 n.6 (2d Cir. 1981); *McCarther v. Camelot Inn,* 513 F.Supp. 355, 357–61 (E.D.Ark.1981). While the Court will not address the merits of this theory of action, the statistical evidence that plaintiff has

submitted to the Court is inadequate to support a finding of discriminatory impact. *See Furnco Const. Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978); *Teamsters v. United States,* 431 U.S. 324, 339–40, 97 S.Ct. 1843, 1856, 52 L.Ed.2d 396 (1977); *Ste. Marie v. Eastern R.R. Ass'n,* 650 F.2d 395, 400–05 (2d Cir. 1981); *Castaneda v. Pickard,* 648 F.2d 989, 1002–03 (5th Cir. 1981).

missed. Although the Second Circuit has not yet squarely addressed the question of whether compensatory damages are recoverable under the ADEA, every other circuit court[3] and the majority of those district courts within this circuit that have addressed this question[4] have denied recovery of compensatory damages. The Court finds that the compensatory damages which plaintiff seeks in the instant action are not recoverable under the ADEA for two reasons. *First*, in its most recent amendments to the ADEA, Congress specifically declined the opportunity to permit individuals to recover compensatory damages in ADEA suits, *see Naton v. Bank of California*, 649 F.2d 691, 699 (5th Cir. 1981); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 841–42 (3d Cir. 1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978); *Douglas v. American Cyanamid Co.*, 472 F.Supp. 298, 300–02 (D.Conn.1979); *Riddle v. Getty Refining & Marketing Co.*, 460 F.Supp. 678, 679–80 (N.D.Okl.1978), and *second*, recovery of compensatory damages would unduly interfere with the prompt and efficient administration of the ADEA, *see Ginsberg v. Burlington Industries, Inc.*, 500 F.Supp. 696, 701 (S.D.N.Y.1980); *Travers v. Corning Glass Works*, 76 F.R.D. 431, 435 (S.D.N.Y.1977).

■ Finally, although the Court recognizes that damages for psychological suffering are recoverable pursuant to New York's age discrimination statute, *see Imperial Diner, Inc. v. State Human Rights Appeal Board*, 52 N.Y.2d 72, 79, 436 N.Y.S.2d 231, 234, 417 N.E.2d 525, 529 (1980); *State Division of Human Rights ex rel. Hale v. Great Atlantic & Pacific Tea Co.*, 46 A.D.2d 1001, 1002, 362 N.Y.S.2d 105, 107 (4th Dep't 1974), it would be improper for the Court in this action to assume pendent jurisdiction over a state age discrimination claim for compensatory damages, because to do so would allow a claimant to do indirectly what he could not do directly, *see Douglas v. American Cyanamid Co., supra*, 472 F.Supp. at 304–06; *Pandis v. Sikorsky Aircraft*, 431 F.Supp. 793, 796 (D.Conn.1977); *Weiler v. National Multiple Sclerosis Society*, 22 Emp. Prac.Dec. ¶ 30,721, at 14,732 (S.D.N.Y.1980).

## CONCLUSION

Accordingly, defendant's motion for summary judgment is denied, Fed.R.Civ.P. 56, and its motion to dismiss plaintiff's claim for physiological and psychological damages is granted, Fed.R.Civ.P. 12(b)(6).

SO ORDERED.

**3.** *See Naton v. Bank of California*, 649 F.2d 691 (9th Cir. 1981); *Slatin v. Stanford Research Inst.*, 590 F.2d 1292 (4th Cir. 1979); *Vasquez v. Eastern Airlines, Inc.*, 579 F.2d 107 (1st Cir. 1978); *Dean v. American Security Ins. Co.*, 559 F.2d 1036 (5th Cir. 1977), *cert. denied*, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1978); *Rogers v. Exxon Research & Eng'r Co.*, 550 F.2d 834 (3rd Cir. 1977), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1978). Although in *Naton v. California* the Ninth Circuit did not specifically overrule *Kelly v. American Standard, Inc.*, 640 F.2d 974 (9th Cir. 1981), a decision upon which plaintiff places much reliance, the Court believes that continued reliance on *Kelly* would be misplaced.

**4.** *See Ginsberg v. Burlington Indus., Inc.*, 500 F.Supp. 696, 701 (S.D.N.Y.1980); *Douglas v. American Cyanamid Co.*, 472 F.Supp. 298, 300–02 (D.Conn.1979); *Travers v. Corning Glass Works*, 76 F.R.D. 431, 435 (S.D.N.Y.1977); *Friend v. Union Dime Sav. Bank*, 24 Emp.Prac. Dec. ¶ 31,209, at 17,370 (S.D.N.Y.1980); *Ayres v. Federated Dep't Stores, Inc.*, 22 Emp.Prac. Dec. ¶ 30,661, at 14,529–30 (S.D.N.Y.1980); *Seidler v. Canada Dry Corp.*, 17 Emp.Prac.Dec. ¶ 8369, at 5911 (S.D.N.Y.1978). *But see Pavlo v. Stiefel Labs, Inc.*, 23 Emp.Prac.Dec. ¶ 30,926, at 15,764 (S.D.N.Y.1979); *Flynn v. Morgan Guar. Trust Co.*, 19 Emp.Prac.Dec. ¶ 9078, at 6651–53 (E.D.N.Y.1979).